JOHN A. RUSSO, City Attorney, SB #129729
RANDOLPH W. HALL, Assistant City Attorney, SB #080142
CHRISTOPHER KEE, Deputy City Attorney, SB #157758
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:    (510) 238-4921
Facsimile:    (510) 238-6500
Email: ckee@oaklandcityattorney.org
X03161/445429

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY GORDON, an individual, on behalf of herself and those similarly situated,<br><br>           Plaintiff-Petitioner,<br><br>   v.<br><br>CITY OF OAKLAND, a Municipal Corporation,<br><br>           Defendant-Respondent. | Case No. C08-01543 WHA<br><br>**REQUEST FOR JUDICIAL NOTICE RE: DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS AND/OR TO ABSTAIN**<br><br>Date:    May 15, 2008<br>Time:    8:00 a.m.<br>Courtroom:   9 |

Pursuant to Federal Rule of Evidence 201(c) and (d), defendant City of Oakland respectfully asks that the court take judicial notice of the following matters:

1.     Defendant Kenny D. Hassey's Cross-Complaint in the case of <u>City of Oakland v. Kenny D. Hassey And Related Cross-Complaint</u>, Alameda County Case No. 2001-027607, a true and correct endorsed filed copy is attached hereto as Exhibit 1.

2.     The Orders after hearing on the cross-motions for summary judgment in the case of <u>City of Oakland v. Kenny D. Hassey And Related Cross-Complaint</u>, Alameda County Case No. 2001-027607, true and correct endorsed filed copies of which are attached hereto as Exhibits 2 and 3.

1           3.      Defendant and cross-complainant's Notice of Appeal in the case of <u>City of</u>

2 <u>Oakland v. Kenny D. Hassey And Related Cross-Complaint</u>, Alameda County Case

3 No. 2001-027607, a true and correct endorsed filed copy is attached hereto as Exhibit 4.

4           4.      A true and correct copy of the Court of Appeal's docket in the case of <u>City of</u>

5 <u>Oakland v. Kenny D. Hassey</u>, California Court of Appeal, First District Appeal

6 No. A116630, a true and correct copy of which is attached hereto as Exhibit 5.

7 Dated:  April 9, 2008

8                                 JOHN A. RUSSO, City Attorney

9                                 RANDOLPH W. HALL, Assistant City Attorney
RACHEL WAGNER, Supervising Trial Attorney

10                              CHRISTOPHER KEE, Deputy City Attorney

11

12               By:    /s/ Christopher Kee

13                               Attorneys for Defendant
CITY OF OAKLAND

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT 1

009

1    JON WEBSTER    (SB#138786)
     **THE LAW OFFICES OF JON WEBSTER**
2    1985 Bonifacio Street, Suite 102
     Concord, CA 94520-2264
3    Telephone:    (925) 686-8790

4

5    Attorney for Defendant/Cross-Complainant:
     KENNY D. HASSEY

6

**FILED**
**ALAMEDA COUNTY**

MAY 1 0 2002

CLERK OF THE SUPERIOR COURT
By_____
                       Deputy

7

8              SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF ALAMEDA
9      OAKLAND-PIEDMONT-EMERYVILLE BRANCH

**ORIGINAL**

10

11    CITY OF OAKLAND, a Municipal
     Corporation,
12
                Plaintiff,
13
           v.
14
     KENNY D. HASSEY, and Does 1
15    through 10, inclusive,

16             Defendants.

17    KENNY D. HASSEY on behalf of
18    himself and all others similarly situated,

19             Cross-Complainants,

20

21    v.

22    CITY OF OAKLAND, and RICHARD
     WORD, individually and in his official
     capacity as Chief of the Oakland Police
23    Department, and ROES 1 through 50,
     inclusive,
24
            Cross-Defendants.
25

26

27    ///

28    ///

CASE NO.    1-02760 7

**CROSS-COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF AND FOR DAMAGES**

**DEPRIVATION OF CIVIL RIGHTS, [42 USC §1983]; VIOLATION OF THE FEDERAL LABOR STANDARDS ACT, [29 USC §§201-219, 29 CFR 531.35]; LABOR CODES §§221, 223, 432.5 AND 450; CALIFORNIA CIVIL CODE §1667/1668; CAL. BUS. & PROF CODE §§ 16600 & 17200.**

010

## SYNOPSIS OF CLAIM

Cross-complainant Hassey by his attorney, Jon Webster, brings this action against the cross-defendants and allege as follows:

1.    This action is brought under the "opt-in" provisions of the Federal Fair Labor Standards Act (29 USC 201, et seq). This Cross-Complaint also includes claims to redress the deprivation of cross-complainants' civil rights by cross-defendants and seven causes of action brought under California Labor, Civil and Business & Professions Codes.

2.    Cross-complainant is representative of a specified class of individuals who, since1997, have applied to become either a "police officer trainee" (hereinafter referred to as a "trainee") or a "lateral entry police officer" (hereinafter referred to as a "lateral") and who as a condition of hiring by City was required to sign the "Conditional Offer of Position as a Police Officer Trainee" (hereinafter "Conditional Offer").

3.    The sole condition challenged by this suit and contained in the "Conditional Offer" (a true and correct copy of which is attached hereto and labeled "Exhibit A") requires a "trainee" or "lateral" to pay the City of Oakland up to $8,000.00 for what the City has alleged is its cost of training the trainee or lateral should that employee leave the employment of the City within five years after appointment.

4.    Cross-complainant is also representative of trainees and laterals who were not only compelled to sign the "Conditional Offer," but who -upon their subsequent resignation- had wages seized by the cross-defendants and/or who have been threatened with or who have, in fact, been sued by City for sums City claims is due under the reimbursement provisions of the "Conditional Offer." As additional, similarly situated individuals are identified and consent in writing to become cross-complainants in this matter, such consents will be filed with this Court.

5.    Cross-complainant is informed and believes and on this basis alleges that City trains over 300 police officer trainees or laterals each year, all of these being required to first sign City's "Conditional Offer" described herein. Each of these persons is a potential "opt-in" claimant.

6.     Cross-complainant seeks declaratory and preliminary and permanent injunctive relief directing the defendants herein to (1) cease the official practice, custom and policy of the cross-defendants named herein wherein an applicant for the positions of trainee or lateral entry police officer positions is required to execute the "Conditional Offer" containing the reimburse clause, and (2) for restitution of wages seized and liquidated damages thereon as provided under the FLSA and (3) for punitive damages for the deprivation of cross-complainants' rights to receive their full wage and for defendants' wilful violation of state law.

7.     The cross-defendants herein are (1) the City of Oakland, a California municipality, [hereinafter "City"] (2) Chief Richard Word, chief of the Oakland Police Department, [hereinafter "Word"] and (3) unknown officials of that municipal government, acting under color of the state law, statutes, ordinances and regulations whose true names and capacities are unknown to the cross-complainant and who are sued herein under the fictitious names of "ROES 1 through 50."

8.     Word and ROES 1 through 50, inclusive are sued in both their individual and official capacities in count one of this cross-complaint. These defendants are sued in their official capacity in all other counts.

## FACTUAL ALLEGATIONS

9.     Cross-complainant alleges that since 1997 cross-defendants City, and ROES 1 through 50, inclusive, in their individual and official capacities, and since his appointment in 1999, Word, individually and in his official capacity as Chief of Police for the City of Oakland, have a custom, pattern and practice that requires applicants for trainee and lateral police officer positions to sign the "Conditional Offer." Said practice and custom is an official practice of the agency and its implementation and enforcement deprive the cross-complainant and those similarly situated of their wages which are protected under the United States Constitution and the Fair Labor Standards Act (29 USC 201, et seq).

///

///

10.     Cross-complainant further contends that the City, Word and ROES 1 through 50, inclusive, have a policy of threatening and/or suing trainee and lateral police officers who have left the City's employment,  because of they executed "Conditional Offer"  and the reimbursement clause contained therein.

11.     Cross-complainant avers that City, Word and ROES 1 through 50, inclusive, consequently benefit by these actions by unlawfully obtaining money the rightful property of the former employee.

12.     Cross-complainant is informed and believes and thereon alleges that the reimbursement schedule contained in the "Conditional Offer" is comprised of not only costs of training, but also includes portions of wages earned by the employee while in the academy and costs associated with the hiring of the employee by City.

13.     Cross-complainant believes and upon this belief avers that the reimbursement clause is designed by the cross-defendants and each of them to suppress and restrain an employee from leaving the employment of City before the expiration of five years in violation of state policy.

14.     Further, cross-complainant is informed and believes and there upon alleges that each of the named cross-defendants herein continue to compel police officer trainees and laterals to sign the "Conditional Offer" similar to - if not the same as - that contained in "Exhibit A" attached hereto. Further, cross-defendants continue to seek reimbursement from former trainees and lateral entry police officers under the reimbursement clause contained therein.

15.     At all times relevant herein, the pay and working conditions of those performing service to City as police officer trainees and lateral entry police officers were determined by a collective bargaining agreement which existed between City and the Oakland Police Officers Association, the exclusive bargaining unit for police officer trainees and lateral entry police officers.

///

///

16.    Cross-complainant is informed and believe and on this basis contends that the positions of "police officer trainee" and "lateral entry police officer" for cross-defendant "City" is and at all relevant times herein mentioned were non-exempt positions governed by the rules and regulations of the civil service/merit system of "City." Further, cross-complainant Hassey and all similarly situated applicants for the City's trainee and lateral entry police officer positions were "nonexempt" hourly employees under the Federal Labor Standards Act and were required to be paid during all pay periods the minimum wage and overtime in the amount of one and one-half their contractual rate as provided in their collective bargaining agreement and their contractual wages for any straight-time work performed under the laws of the State of California.

17.    Since 1997, the City and ROES 1 through 50, and since his appointment in 1999, defendant Word advertised, promoted and otherwise solicited citizens to apply for the positions of "police officer trainee" and "police officer" at a rate established under the collective bargaining agreement as applicable to the specific date each applicant submitted his or her application for the position of trainee or lateral entry police officer.

18.    Cross-complainant is informed and believes and on this basis alleges that it remains the official custom and practice of City, Word, and ROES 1 through 50, inclusive, to not disclose to any applicant for the position of "police officer trainee" or "lateral entry police officer" the reimbursement terms contained in the "Conditional Offer" nor to disclose that the applicant could end up owing the City $8,000.00 should he or she quit employment with the City within the first year of his/her appointment until the applicant is presented the "Conditional Offer."

19.    Cross-complainant is further informed and believes and thereupon alleges City receives state funds from the California Department of Justice, Division of Peace Officers Standards of Training (POST) for each trainee or lateral it trains. However, City and each of the other cross-defendants has failed to credit any trainee or later police officer from whom it subsequently sought reimbursement with the funds City received from the state.

///

014

20.    In the summer of 1997, the cross-complainant having seen City's job announcements for the position of "police officer trainee" asked for and ultimately submitted his application for a trainee position with the City.

21.    The cross-complainant successfully completed all mental, physical, psychological and background examinations required of applicants under the civil service requirements of City and the laws and regulations of the State of California. On or about December 10, 1997, City, and ROES 1 through 50, presented the "Conditional Offer" to cross-complainant. Cross-complainant also had successfully undergone extensive background investigation that had established he possessed the requisite personal attributes to hold a sworn position with the City

22.    Cross-complainant was neither allowed to negotiate the terms and conditions contained in the "Conditional Offer" nor afforded the opportunity to consult an attorney as to the validity or significance of the terms contained therein. The "Conditional Offer" was on a pre-printed form and presented in a manner the cross-complainant reasonably understood it to be a "take it or leave it" proposition, wherein if he did not sign the "Conditional Offer," he would not receive an appointment as a police officer trainee for City.

23.    The "Conditional Offer" advised the cross-complainant that (1) City was conditionally selecting the cross-complainant as a Police Officer Trainee "subject to the following conditions: you must pass the required psychological test(s), medical examination(s), the remainder of the background investigation, and accept the training reimbursement provisions specified below."

24.    The provisions of the "Conditional Offer" further specified that cross-complainant would "reimburse" the City of "100 % of $8,000.00" should he voluntarily terminate his employment with City "before the end of year 1."

25.    On or about March 16, 1998, City hired the cross-complainant as a police trainee and pursuant to City's standard policy and practice, he was sent to City's police academy to obtain the requisite state mandated training enabling cross-complainant to serve as a police officer for City.

26.     Cross-complainant is informed and believes and thereon alleges that City owns, operates and staffs its own police training academy, Cross-complainant further alleges on information and belief that although numerous police training facilities certified by the State of California exist throughout the state which are free or cost less than that of City's academy, it is the official custom and practice of each of the cross-defendants herein to mandate that all police officer trainees and laterals employed by City to attend City's own academy.

27.     Cross-complainant further alleges upon information and belief that "City" staffs, operates and controls the curriculum of the "police academy," hereinafter "academy." While City's academy is certified by POST, City, Word and ROES 1 through 50, inclusive, require police recruits to complete additional training not certified nor mandated by POST to address concerns unique to City.

28.     On or about February 16, 1999, after cross-complainant had successfully graduated from the police academy but while he was on his probationary period with City, he voluntarily terminated his employment with City. Cross-complainant made this decision after his Field Training Officer (FTO) urged him to review his options, inferring that cross-complainant might be involuntarily separated from employment with the City if cross-complainant declined to submit his voluntary resignation.

29.     While cross-complainant is desirous of re-entering the law enforcement profession, cross-complainant is no longer employed as a peace officer. Rather, cross-complainant returned to his prior work as a chemical technician.

30.     Cross-complainant is informed and believes and there upon alleges that consistent with the cross-defendants' official custom, pattern and practice, on or about March 15, 1999 immediately after cross-complainant resignation, City, seized without cross-complainant's authorization approximately $1,280.08 from cross-complainant's final paycheck in partial satisfaction of City's claim to $8,000.00 for training expenses under the City's "Conditional Offer."

///

31.    By letter dated September 27, 2001, City threatened cross-complainant if he refused to pay City the debt its claims is now due under the alleged "reimbursement agreement" City would report him to the State of California Franchise Tax Board tax intercept program and would demand the State seize any refund as payment on the debt. A true and correct copy of said letter is attached hereto and labeled "Exhibit B."

32.    Cross-complainant is informed and believes and on this basis alleges that City intends to report cross-complainant to various credit reporting agencies in order for and with the purpose to list the debt arising under the reimbursement clause as a past due liability.

33.    Plaintiff further avers on information and belief that this threat against his state tax refund, and the accompanying threat against his credit rating, is conduct on the part of the cross-defendants that is consistent with the cross-defendants' pattern and practice of enforcing the reimbursement clause of the "Conditional Offer."

34.    City has now brought the present action to collect the remainder of its alleged "reimbursement agreement debt" in the amount of $6,719.92. City additionally claims collections costs in the amount of $100.00.

35.    Cross-complainant is ignorant of the true names and capacities of defendants sued herein as ROES 1 through 50, inclusive, and therefore sue these cross-defendants by such fictitious names. Cross-complainant will amend this complaint to allege their true names and capacities when ascertained. Cross-complainant is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Cross-complainant's injuries as herein alleged were proximately caused by the aforementioned cross-defendants.

36.    Cross-complainant is further informed and believes and on this basis contends that each of the fictitiously named individuals were policy making officers and/or employees of "City" and were, in some manner, responsible for the formulation, application and/or execution of the employment practices hereinafter described as a deprivation of the cross-complainants' civil rights and are otherwise "persons" within the meaning of 29 U.S.C. §1983, and under California Business and Professions Code, Section 17200.

37.    Cross-complainant is informed and believes and thereon alleges that at all times herein mentioned, cross-defendant Word, in his individual and official capacity, and defendants ROES 1 through 50, inclusive, in their individual and official capacities, were the agents and employees of cross-defendant "City" and in doing the things hereinafter alleged were acting within the course and scope of such agency and employment and with the consent of his/her cross-defendants.

38.    Cross-complainant is further informed and believes and thereon alleges that the "Conditional Offer" containing the reimbursement clause challenged herein has never been adopted or otherwise authorized by the civil service/merit board of defendant "City," but even if such were adopted by the board, said reimbursement clause would be unlawful pursuant to the federal and state law cited herein.

39.    Cross-complainants are further informed and believe and thereon allege that the reimbursement clause contained in the "Conditional Offer" is proscribed by the Laws of the United States of America, 29 USC 201-219, ("Fair Labor Standards Act," hereinafter "FLSA or "the Act,") to wit 29 CFR 531.35, (Mandate for Payment of Wages "Free and Clear") and the Laws of the State of California, to wit, California Labor Code §§221, 223, 432.5, 450, California Civil Code §1667/1668 and California Business and Professions Code, §16600 and §17200 and has been void 'ab initio,' as applied to Cross-complainants and those similarly situated.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS
### [42 USC §1983]
(As to City, Word, in his individual and official capacity, and ROES 1 through 50, inclusive)

40.    Cross-complainant incorporates as though fully set forth herein paragraphs 1 through 39 of his cross-complaint as though fully set forth herein.

41.    By reason of the cross-defendants acts taken to compel the execution of and to enforce the reimbursement clause contained in the "Conditional Offer" through state court action, and by reason of the fact that cross-defendants have seized the last paycheck of trainees and laterals in partial or full satisfaction of the debt claimed by City arising from the

1  "Conditional Offer," cross-complainant and those similarly situated have been deprived of

2  their rights, privileges and immunities secured to them by the Constitution of the United

3  States, the Federal Labor Standards Act, and the aforementioned statutory laws of the State

4  of California. Cross-complainants were and are effectively restrained in their chosen trade

5  and compelled to work for City for a period of five years or are otherwise become subject to

6  seizure of their wages, loss of their individual and/or joint state tax refunds, threats against

7  their credit ratings and unjustifiable lawsuits for collection of the claimed debt.

8       42.    Cross-defendants and each of them further denied the cross-complainant of his

9  rights conferred to him under the civil service/merit system of defendant "City," and of the

10  collective bargaining agreement entered into between cross-complainant's union and City.

11  Cross-defendants' conditioning of the City's job offer upon the execution of the "Conditional

12  Offer" calling for "reimbursement" is a deprivation of a property interest protected by and

13  non-waivable under the Fair Labor Standards Act.

14       43.    As a proximate result of the cross-defendants' actions against cross-

15  complainant and those similarly situated, as alleged above, cross-complainant has been

16  harmed in that cross-complainant has had his credit and reputation as upstanding law

17  enforcement officer impugned, and each has been forced to incur expenses, including

18  attorneys fees and costs, in the defense of the wages each earned while employed by City.

19       44.    Cross-complainant is informed and believes and thereon alleges that cross-

20  defendants, and each of them, will continue in their unlawful conduct, unless and until

21  restrained by this court. If cross-defendants are not enjoined and restrained, as specified in

22  cross-complainants' prayer for relief, cross-complainant and those similarly situated will

23  suffer immediate and irreparable injury, loss, and damage.

24       45.    The acts complained of herein were done willfully, unlawfully and maliciously

25  and in wanton disregard of the rights and feelings of cross-complainant, and by reason

26  thereof, cross-complainants demand exemplary or punitive damages against the cross-

27  defendants Word, in his individual capacity, and ROES 1 through 50, inclusive, in their

28

1  individual capacity, in an amount according to proof and within the jurisdiction of the

2  Superior Court.

3       WHEREFORE, cross-complainant and those similarly situated pray for judgment as

4  hereinafter requested.

5                          **COUNT II**
6        **VIOLATION OF THE FAIR LABOR STANDARDS ACT**
                       **[29 USC 201-219, 29 CFR 531.35]**
7    (As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

8       46.    Cross-complainant incorporates herein paragraphs 1 through 39 of his cross-

9  complaint and paragraphs 40 through 45 of the First Cause of Action as though fully set forth

10 herein.

11      47.    This cause of action, which arises under the Fair Labor Standards Act of 1938,

12 as amended (29 USC 201, et seq.), hereinafter "the Act," and the applicable Code of Federal

13 Regulations, hereinafter "Regulations," is brought by cross-complainant for the purpose of

14 declaring the reimbursement clause contained in the "Conditional Offer" as depicted in

15 Exhibit "A" of this cross-complaint invalid under the Act and Regulations and for the

16 recovery of back wages, liquidated damages and reasonable attorney's fees and costs of

17 cross-complainants and all others similarly situated.

18      48.    Jurisdiction hereof is conferred upon this Court for declaratory relief and to

19 award additional amounts, equal to back wages due, as liquidated damages under Section

20 16(b) of the Act (29 USC 216(b)).

21      49.    Cross-defendant Word, in his official capacity as Chief of Police for City, is

22 an individual who is and at all times relevant herein was the Chief of Police  with cross-

23 defendant City and who has acted directly or indirectly in the interest of cross-defendant City

24 in relation to employees who are or were police officer trainee or lateral entry police officers,

25 and therefore has been an employer within the meaning of Section 3(d) of the Act (29 USC

26 §203(d)).

27 ///

28 ///

---

CROSS-COMPLAINT
CITY OF OAKLAND v. HASSEY          CASE NO.: 1-02760 7          PAGE 11 OF 20

50.    At all times herein mentioned, cross-defendants and each of them having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of Section 3(r) of the Act (29 USC 203(r)), and having been engaged in an activity of a public agency, constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(6) of the Act (29 USC 203(s)(6)) prior to April 1, 1990, and within the meaning of Section 3(s)(1)(C) of the Act, as amended 103 Stat 938, Pub L No. 101-157, November 17, 1989, from April 1, 1990, to the present.

51.    Cross-complainant is informed and believes and on this basis contends that since on or after January 1, 1997, and continuing to present, cross-defendants City, Word, in his official capacity, and ROES 1 through 50, inclusive, have repeatedly and willfully violated Sections 6 and 15(a)(2) of the Act (29 USC §§206 and 215(a)(2)) and Regulation 29 CFR 531.35 by forcing those city employees holding the position of "police officer trainee" or "lateral entry police officer"s to execute a "Conditional Offer" alleged herein and thereafter upon that employees separation from city employment within five years of hire seizing pay and/or compelling the employee to repay "City" their wages up to $8,000.00.

52.    Cross-complainant Hassey is informed and believes and on this basis alleges on or about March 16, 1999 when the defendants seized $1280.08 from his final paycheck cross-complainant was deprived both of the federal minimum hourly rate of pay and/or overtime compensation at the rate of one-and one-half his contractual rate of pay for that pay period. Both of these are guaranteed under the Act.

53.    Cross-complainant further contends that the City's pursuit of him for "reimbursement" is prohibited under the Act because the reimbursement claimed by City never was controlled nor benefitted cross-complainant and is simply an unlawful attempt by City and each of the cross-defendants to both transfer normal business expenses to cross-complainant and those similarly situated and/or to receive an unlawful kickback of wages proscribed under the Act.

///

1    54.    Cross-complainant HASSEY is desirous of a judicial determination of his

2  rights, duties and responsibilities arising from the alleged reimbursement clause in the

3  "Conditional Offer." Cross-complainant requests that the reimbursement provisions

4  contained in the "Conditional Offer" used by City, Word and ROES 1 through 50 be declared

5  unlawful pursuant to 29 CFR 531.35 and 42 U.S.C. 1983.

6    WHEREFORE, cross-complainant and those similarly situated pray for judgment as

7  hereinafter requested

8
                                      **COUNT III**
9    **UNLAWFUL REPAYMENT OF WAGES TO EMPLOYER**
                          **[CALIFORNIA LABOR CODE, §221]**
10    (As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

11    55.    Cross-complainant incorporates as though fully set forth herein paragraphs 1

12  through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and

13  paragraphs 46 through 54 of the Second Cause of Action.

14    56.    Cross-complainants are informed and believe and thereon allege cross-

15  defendants City, and ROES 1 through 50, inclusive were responsible for creating and

16  enforcing City's "Conditional Offer" attached hereto and labeled Exhibit "A." Cross-

17  defendant Word, in his official capacity, was responsible for its enforcement after his

18  appointment in 1999.

19    57.    Cross-complainants further contend that as drafted, the reimbursement clause

20  contained in the "Conditional Offer" contravenes California Labor Code §221 barring an

21  employer from collecting or receiving from any employee any part of wages thereto paid by

22  employer to employee.

23    58.    Cross-complainant contends that any "agreement" to reimburse the City under

24  the terms of the "Conditional Offer" was not consensual and was a result of the City's

25  conditioning its job offer upon the execution of the "Conditional Offer" by cross-

26  complainant.

27  ///

28  ///

022

59.    Cross-complainant alleges that cross-defendants City, Word, and ROES 1 through 50, inclusive, breached their statutory duty owed to cross-complainant both by forcing cross-complainant and those similarly situated to execute the "Conditional Offer" containing the reimbursement clause and by subsequently seizing (in full or partial satisfaction of the debt claimed by City) a portion or all of the trainee's or lateral's final paycheck.

60.    As a proximate result of the acts of the named cross-defendants, cross-complainants, and those similarly situated, have been harmed thereby and have suffered damages according to proof.

WHEREFORE, cross-complainant and those similarly situated pray for judgment as hereinafter requested.

## COUNT IV
## PAYMENT OF LESS THAN STATUTORY OR CONTRACTUAL WAGE SCALE
### [California Labor Code, §223]
(As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

61.    Cross-complainant incorporates as though fully set forth herein paragraphs 1 through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and paragraphs 46 through 54 of the Second Cause of Action.

62.    As previously alleged herein, the wages for trainees and lateral entry police officers paid to the cross-complainant and those similarly situated herein was established through a collective bargaining process between City and the union representing police officers of which cross-complainants were members.

63.    Until Cross-complainant was presented with the "Conditional Offer," he believed the City would pay him the salary it had advertised and posted in recruitment advertisements. Cross-complainant believes and on this basis contends that said salary was in the amount of approximately $47,244.00 .

///

///

///

CROSS-COMPLAINT
CITY OF OAKLAND v. HASSEY          CASE NO.: 1-027607                    PAGE 14 OF 20

64.     Cross-complainant alleges that at no time prior to an applicant's receipt of the "Conditional Offer" did any cross-defendant named herein disclose or otherwise publish the true fact that the applicant's salary would be less than that advertised or agreed to under the collective bargaining unit because of the reimbursement clause in the "Conditional Offer."

65.     The true fact was and remains that by forcing cross-complainant and others similarly situated to pay back through wage seizures or subsequent lawsuits after termination, cross-defendants and each of them were and are actually paying a lower wage scale than that agreed to in the collective bargaining process and advertised and promoted by the cross-defendants.

66.     As a proximate result of the acts of the cross-defendants, cross-complainant, and those similarly situated, have been harmed thereby and have suffered damages according to proof.

WHEREFORE, cross-complainant and those similarly situated pray for judgment as hereinafter requested.

## COUNT V
## UNLAWFUL TERMS AND CONDITIONS
### [California Labor Code, §432.5]
(As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

67.     Cross-complainant incorporates as though fully set forth herein paragraphs 1 through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and paragraphs 46 through 54 of the Second Cause of Action.

68.     Cross-complainant contends cross-defendants, and each of them, required cross-complainants and those similarly situated to execute the "Conditional Offer" alleged herein, all the while knowing that the provisions contained therein were unlawful or otherwise prohibited by state and federal law.

69.     The conduct of each cross-defendant in mandating cross-complainant and those similarly situated to execute the "Conditional Offer" was in contravention to Cal. Labor Code, Section 432.5.

///

///

70.     As a proximate result of the conduct of cross-defendants and each of them, the cross-complainant and those similarly situated have been damaged in an amount to be determined according to proof.

WHEREFORE, cross-complainant and those similarly situated pray for judgment as hereinafter requested.

**COUNT VI**
**COERCION**
**[Cal. Labor Code, Section 450]**
(As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

71.     Cross-complainant incorporates as though fully set forth herein paragraphs 1 through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and paragraphs 46 through 54 of the Second Cause of Action.

72.     Cross-complainant alleges that cross-defendant City was in essence and in reality a competitor of those junior colleges that operate free or low cost police academies certified by POST. Despite the availability of these academies, City and each of the other cross-defendants required all trainees and lateral entry police officers to attend its own academy.

73.     Cross-complainant allege and contend that the purchase of the afore-described training thus constitutes "a thing of value" as contemplated and defined by Cal. Labor Code, Section 450, and is a product and/or service of cross-complainants' employer, to wit cross-defendant "City."

74.     By requiring as a term and condition of employment to reimburse City for its alleged costs, each and every cross-defendant coerced the cross-complainant and all others similarly situated to patronize their employer by "purchasing" -at the City's rate- academy training that was available for free or at substantially lower cost than that charged by the City under the terms of its "Conditional Offer" as described herein. All this was in violation of Cal. Labor Code, Section 450.

75.     As a proximate result of the conduct of cross-defendants and each of them, the cross-complainants have been damaged in an amount to be determined according to proof.

1    WHEREFORE, cross-complainant and those similarly situated pray for judgment as

2    hereinafter requested.

3                              COUNT VII
                          UNLAWFUL CONTRACT
4                   [Cal. Civil Code, Sections 1667/1668]
      (As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)
5         76.    Cross-complainant incorporates as though fully set forth herein paragraphs 1

6    through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and

7    paragraphs 46 through 54 of the Second Cause of Action.

8         77.    Cross-complainant contends that the reimbursement clause contained in the

9    "Conditional Offer" attached hereto and labeled as Exhibit "A" is an "unlawful contract"

10   within the meaning of California Civil Code, Section 1667 and 1668 in that it is contrary to

11   the express provisions of 29 CFR 531.35, Cal. Labor Code, Sections 221, 223, 432.5 and 450

12   and/or is contrary to the public policy considerations embodied by those provisions or

13   expressed in Cal. Labor Code 224 (Authorized Deductions), Cal. Bus. & Prof. Code, Section

14   16600 (Void Contracts) and Section 17200 (Unfair Competition; Prohibited Activities).

15        78.    As a proximate result of the conduct of cross-defendants and each of them, the

16   cross-complainants have been damaged in an amount to be determined according to proof.

17        WHEREFORE, cross-complainant and those similarly situated pray for judgment as

18   hereinafter requested.

19                             COUNT VIII
                           VOID CONTRACT
20                 [Cal. Bus. & Prof Code, Section 16600]
      (As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)
21        79.    Cross-complainant incorporates as though fully set forth herein paragraphs 1

22   through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and

23   paragraphs 46 through 54 of the Second Cause of Action.

24        80.    Cross-complainants contend that the "Conditional Offer" attached hereto as

25   Exhibit "A" is a "void contract" within the meaning of California Business and Professions

26   Code, Section 16600 in that the repayment provisions contained therein are punitive in nature

27   and restrain cross-complainant and those similarly situated from leaving the employment of

28   "City" without any lawful necessity.

1    81.    As a proximate result of the conduct of cross-defendants and each of them, the

2    cross-complainants have been damaged in an amount to be determined according to proof.

3    WHEREFORE, cross-complainant and those similarly situated pray for judgment as

4    hereinafter requested.

5    **COUNT IX**
    **UNFAIR COMPETITION**

6    **[Cal. Bus. & Prof Code, Section 17200]**
    (As to defendant City, Word, in his official capacity, and ROES 1 through 50, inclusive)

7    82.    Cross-complainant incorporates as though fully set forth herein paragraphs 1

8    through 39 of his cross-complaint, paragraphs 40 through 45 of the First Cause of Action and

9    paragraphs 46 through 54 of the Second Cause of Action.

10    83.    Cross-complainant contends that in their capacity as employers, cross-

11    defendants City, Word and ROES 1 through 50, inclusive, are "persons" within the meaning

12    of California Business and Professions Code, Section 17201.

13    84.    Cross-complainants contend that the use and enforcement of the reimbursement

14    clause contained in the City's "Conditional Offer" is a violation of the Fair Labor Standards

15    Act, a violation of Cal. Labor Code, Sections 221, 223, 432.5, 450, a violation of California

16    Civil Code Sections 1667/1668 and is a restraint of trade pursuant to California Business and

17    Professions Code, Section 16600.

18    85.    Cross-complainants further contend that the continued use and enforcement of

19    such reimbursement language as drafted in the "Conditional Offer" is an unlawful, unfair or

20    fraudulent business act or practice of each and every cross-defendant named herein.

21    86.    As a proximate result of the conduct of cross-defendants and each of them, the

22    cross-complainant and those similarly situated have been damaged in an amount to be

23    determined according to proof.

24    WHEREFORE, cross-complainant and those similarly situated pray for judgment as

25    hereinafter requested.

26    ///

27    ///

28    ///

**As to the First Cause of Action:**

1.   For a temporary and permanent injunction against the cross-defendants enjoining them from depriving the rights of cross-complainant and those similarly situated to the rights conferred to them by the Fair Labor Standards Act, the California Labor, Civil and Business and Professions Codes recited herein.

2.   For a declaration that the "Conditional Offer of Position as a Police Officer Trainee" is void 'ab initio' and is contravention to rights accorded by 42 USC 1983 and the Fair Labor Standards Act and,

3.   For punitive and exemplary damages against cross-defendants Word, in his individual capacity, and ROES 1 through 50, in their individual capacity, in an amount within the jurisdiction of this Court and according to proof and in an amount sufficiently great to dissuade each of these named cross-defendants from violating the rights of cross-complainants and those similarly situated.

**As to the Second Cause of Action:**

1.   For a declaration that the "Conditional Offer of Position as a Police Officer Trainee" is void 'ab initio' and is otherwise in contravention with the Fair Labor Standards Act, and

2.   For restitution of all back wages, and or sums seized or otherwise recovered for those similarly situated as cross-complainants, and

3.   For liquidated damages according to statute.

**As to the Third through Ninth Causes of Action:**

1.   For a temporary and permanent injunction enjoining each and every cross-defendant from seeking reimbursement of "training costs" pursuant to the terms and conditions of the alleged "Conditional Offer of Position as a Police Officer Trainee."

2.   For restitution of all back wages, and or sums seized or otherwise recovered for those similarly situated as cross-complainants.

**As to All Causes of Action:**

1

2     For costs of suit, expert witness fees, attorneys fees, and such other and further relief

3   as the Court deems proper.

4   DATED:     May  9 , 2002

5                                                     JON WEBSTER,
                                                      Attorney for Cross-complainant
6                                                     KENNY D. HASSEY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

029

PROOF OF SERVICE (C.C.P. §§1013, 2015.5)

RE:   **City of Oakland v. Hassey**
Alameda Superior Court          Case Number:        1-02760 7

I am a citizen of the United States and I am employed in the County of Contra Costa,
State of California. I am over eighteen (18) years of age and not a party to the above-
entitled action. My business address is 1985 Bonifacio Street, Suite 102, Concord,
California 94520-2264. On the below date, I served the following documents in the
manner indicated on the below named parties and/or counsel of record:

**CROSS-COMPLAINT FOR TEMPORARY AND
PERMANENT INJUNCTIVE RELIEF,
DECLARATORY RELIEF AND FOR DAMAGES**

☒      **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at
Concord, California.

☐      **Facsimile Transmission** from (925) 686-8795 during normal business hours,
complete and without error on the date indicated below, as evidenced by the transmission
report immediately thereafter produced by the transmitting facsimile.

☐      **By Hand-Delivery Upon:**


Attorney for Plaintiff:
Daniel Neufeld
Law Offices of Clinton Killian
1939 Harrison Street, Suite 801
Oakland, CA 94612-3529


I declare under penalty of perjury under the law of the State of California that the
foregoing is true and correct and that I am readily familiar with this firm's practice for the
service of the afore described documents.

Dated:      May 9 , 2002

                                    _Dani M. Altes_
                                    DANI M. ALTES

030



031

# OAKLAND POLICE DEPARTMENT

### CONDITIONAL OFFER OF POSITION AS A POLICE OFFICER TRAINEE

Candidate: **Hassey, Kenny D.**

Social Security Number: ___ ___ 2564

The City of Oakland Police Department hereby notifies you that you have been selected for a position as a Police Officer Trainee, subject to the following conditions: you must pass the required psychological test(s), medical examination(s), the remainder of the background investigation, and accept the training reimbursement provisions as specified below.

Reimbursement provisions:   You may be required to reimburse the City of Oakland for training expenses.   Reimbursement would be required in the event you voluntarily terminate your employment with the Oakland Police Department, according to the following schedule:

Before the end of year 1 – 100% repayment of $8,000.
Before the end of year 2 - 80% repayment of $8,000.
Before the end of year 3 - 60% repayment of $8,000.
Before the end of year 4 - 40% repayment of $8,000.
Before the end of year 5 - 20% repayment of $8,000.

**Additionally:**   Police Officer Trainees shall be required, on or before the first day of employment, to reside within a geographic emergency zone that allows quick response from home to work.  Individuals selected for hire will be required to certify and verify by declaration, under the penalty of perjury and risk of removal from consideration for employment, their knowledge of and compliance with this City of Oakland policy.  (A list of the cities within the established residency zone is enclosed for your information.)

Signature: _____     Date: _____
                    Chief of Police

1



032

CONDITIONAL OFFER OF POSITION AS A POLICE OFFICER TRAINEE (CONTINUED)

Candidate: <u>Hassey, Kenny D.</u>

Social Security Number: _ _ _ 2564

Please advise whether you accept this conditional offer:

     ☑    Yes, I accept this offer, and understand the conditions which attach to it.

     ☐    I am no longer interested in the position of Police Officer Trainee.


Signature: _____    Date: _12/15/97_

Print Name: _HASSEY_ _KENNY_ _D._
        (Last Name)  (First Name)  (Middle Initial)


Keep one copy of this form for your records. Indicate your response, sign the form and return the signed original within 7 working days of receipt. Failure to return the form will be considered a rejection of this offer and will result in your removal from further consideration for the position of Police Officer Trainee. Return the original to:

        Personnel Section Commander
        455 - 7th Street, Room 514
        Oakland, CA 94607

If you have questions, please contact the Recruiting and Background Investigations Unit Supervisor at (510) 238-3339.



2

033

# EXHIBIT

# B



## CITY OF OAKLAND

FINANCIAL SERVICES AGENCY•150 FRANK H. OGAWA PLAZA • SUITE 5342 • OAKLAND, CALIFORNIA 94612

Revenue Division                                                    (510)238-7030
Central Collections                                                 (510)238-7317

September 27, 2001

HASSEY D KENNY

Re: Account # M000175769

Dear Taxpayer:

We are writing to notify you that the City of Oakland is preparing to submit your name to the California Franchise Tax Board for an intercept of any refunds or monies owed to you. Such monies may, instead, be forwarded to the City of Oakland to pay your liability.

California State Government Code Sections 12419.8 and 12419.10 authorize the Office of the State Controller to collect money owed to a Municipality by intercepting any money that the State owes the debtor. An amount owed to the debtor by the State includes, among other things, a refund of taxes or state lottery winnings.

**Our records show that the total amount now due and payable to the City of Oakland for your outstanding liability is $6,730.92. You have 30 days from the date of this letter to pay voluntarily and avoid possible referral to the State of California, Franchise Tax Board tax intercept program. Please note that this debt can affect your credit rating if it is not resolved.**

If you have any questions about the nature of this liability or if you object to this action, please contact us within 30 days of the date of this letter. A representative will review your case upon receipt of your objections. Please call (510) 238-7030 or (510) 238-7317.

Please include your account number on all correspondence.

Sincerely,

Revenue Division, Collections

# EXHIBIT 2



F I L E D
ALAMEDA COUNTY

SEP 1 9 2006

SUPERIOR COURT OF THE STATE OF CALIFORNIA CLERK OF THE SUPERIOR COURT
IN AND FOR THE COUNTY OF ALAMEDA    By _a. Yvonne Ruzell_
                                                    Deputy

CITY OF OAKLAND,                    )  No. 2001-027607
                                    )
              Plaintiff,            )  ORDER GRANTING MOTION OF
vs.                                 )  PLAINTIFF AND CROSS-DEFENDANT
                                    )  CITY OF OAKLAND, AND CROSS-
KENNY D. HASSEY,                    )  DEFENDANT RICHARD WORD,
                                    )  CHIEF OF POLICE, FOR SUMMARY
              Defendant.            )  JUDGMENT
                                    )
                                    )
AND RELATED CROSS-COMPLAINT.        )
                                    )

The Motion of Plaintiff and Cross-Defendant City of Oakland, and Cross-Defendant Richard Word, Chief of Police (collectively, "City"), for Summary Judgment Or Summary Adjudication on the City's Complaint, dated October 17, 2001, against Defendant Kenny D. Hassey, and on the Cross-Complaint of Kenny D. Hassey, Matthew J. DeLorenzo and Chris Baker against the City and Police Chief Richard Word, filed on May 10, 2002, was heard on September 14, 2006, at 9:00 a.m., in Department 31. Kandis A. Westmore, Esq., appeared for the City and Chief Word. Jon Webster, Esq., appeared for Defendant and Cross-Complainant Kenny D. Hassey, and Cross-Complainants Matthew J. DeLorenzo and Chris Baker. The Court having reviewed the parties' written submissions and considered the arguments presented by counsel, HEREBY GRANTS the City's Motion for Summary Judgment as follows:

1

The City's Motion for Summary Judgment on the Complaint against Hassey for breach of contract is GRANTED. There are no genuine disputes concerning the fact that Defendant Hassey signed the following agreements: (1) "Conditional Offer of Employment"; (2) "Reimbursement of Training Expenses"; and (3) Training Costs Repayment Agreement." Hassey confirmed in all of these agreements that he would be obligated to repay some or all of the cost to train him to become a police officer at the Oakland Police Academy if he voluntarily left the Police Department within five years. There is no dispute that Hassey resigned on February 10, 1999, which was less than a year after the commencement of his employment in March 1998. The City deducted $725.28 from Hassey's final check in February 1999, and $654.80 from the vacation check in April 1999. The amount due and owing after these deductions was $6,619.92. Defendant Hassey does not dispute the City's contention that he never made any further payments after the above amounts were deducted by the City.

The City's Motion for Summary Judgment is GRANTED as to the Second Cause of Action in the Cross-Complaint as to Hassey because he did not file his action within the two-year limitations period provided in 29 U.S.C. § 255(a).[1] Hassey alleges that the City violated the Fair Labor Standards Act and 29 C.F.R. § 531.35 (final and unconditional payment of wages) when it made the unauthorized deductions in February and April 1999. The Cross-Complaint was filed on May 10, 2002. The City's Motion is also GRANTED as to Cross-Complainants DeLorenzo and Baker, because the record clearly shows that the City never deducted any amounts from their pay or collected any amounts from them for the training costs incurred. The record shows that the City made efforts to collect the amounts owed by DeLorenzo and Baker, but they have refused to

---

[1] Cross-Complainants agreed that the two-year statute of limitations should be applied. The Court notes that the City invited the Court to apply the longer three-year period because the Cross-Complaint was filed more than three years after April 1999. Plaintiff's Memo., 8:26-9:1 ("Therefore, defendants [sic] will not argue the issue of whether he can establish a willful violation of the Act.").

make any payments. During oral argument, counsel for Cross-Complainants argued that DeLorenzo and Baker did suffer actual injury because they did not receive their wages "finally" and "unconditionally," as required by 29 C.F.R. § 531.35, during the entire period of their employment with the City. The Court rejects Cross-Complainant's interpretation of 29 C.F.R. § 531.35. The fact that Cross-Complainants may be required to repay the City some or all of the cost of their training if they elected to resign voluntarily within five years does not render all of their wages "conditional."

The City's Motion for Summary Judgment is GRANTED as to the Third, Fourth, Fifth, Sixth and Seventh Causes of Action as to Hassey because they are barred by the three-year statute of limitations set forth in CCP § 338(a). *See Aubry v. Goldhor* (1988) 201 Cal.App.3d 399, 404. The City's Motion is GRANTED as to these Causes of Action as to the Cross-Complaint of DeLorenzo and Baker because they have not suffered any legally cognizable damages as a result of the City's alleged statutory violations for the reasons set forth above.

Finally, the City's Motion for Summary is GRANTED as to the Seventh and Eighth Causes of Action. Cross-Complainants have not shown that triable issues of material fact exist concerning the validity of the agreements that prospective police officer trainees were required to sign in the period from 1998 to 2000. Indeed, there is legal authority for the City's position that contracts requiring employees to reimburse all or some training costs under the circumstances at issue here are valid under the Fair Labor Standards Act. *See Heder v. City of Two Rivers* (7th Cir. 2002) 295 F.3d 777, 782-783.

The City's Motion for Summary Judgment is GRANTED as to the Ninth Cause of Action for Unfair Competition. The City is not a "person" within the definition of Bus.& Prof. Code § 17201. *See Trinkle v. California State Lottery* (1999) 71 Cal.App.4th 1198, 1202. The Motion is also GRANTED as to Chief Word because he is sued solely in his official capacity as the Chief of Police.

The Court declines to address in this order the numerous other legal grounds asserted by the City in support of its Motion for Summary Judgment because all of the Causes of Action in the Complaint and the Cross-Complaint are disposed of on the grounds set forth herein.

The City shall file and serve a Notice of Entry of Order. The City shall also prepare a proposed form of Judgment and to have counsel for Defendant and Cross-Complainants approve the Judgment as to form. The proposed Judgment shall be submitted to the Court no later than October 3, 2006.

IT IS SO ORDERED.

Dated _SEP 1 9 2006_____

_Winifred Y. Smith_
Winifred Y. Smith
Judge of the Superior Court

4

## CLERK'S CERTIFICATE OF MAILING

### RE: CITY OF OAKLAND vs. KENNY D. HASSEY    2001027607

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served a copy of the **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** by placing copies in envelopes to the addressees shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Kandis A. Westmore
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA   94612

Jon Webster, Esq.
Law Offices of Jon Webster
1985 Bonifacio Street, Suite 102
Concord, CA   94520-2264

Dated: September 19, 2006

Yvonne Bazzell, Deputy Clerk

Certificate of Mailing-Domain
(06/20/03)

# EXHIBIT 3



**FILED**
ALAMEDA COUNTY

SEP 1 9 2006

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

CLERK OF THE SUPERIOR COURT
By _A. Anne Segell_
Deputy

CITY OF OAKLAND,

    Plaintiff,

vs.

KENNY D. HASSEY,

    Defendant.

—————————————————————

AND RELATED CROSS-COMPLAINT.

No. 2001-027607

ORDER DENYING MOTION OF
DEFENDANT AND CROSS-
COMPLAINANT KENNY HASSEY,
AND CROSS-COMPLAINANTS
HASSEY, MATTHEW DELORENZO
AND CHRIS BAKER FOR SUMMARY
JUDGMENT OR SUMMARY
ADJUDICATION

    The Motion of Defendant Kenny D. Hassey and Cross-Complainants Hassey, Matthew J. DeLorenzo and Chris Baker for Summary Judgment or Summary Adjudication on the Complaint of the City of Oakland for Breach of Contract, filed on October 17, 2001, and the Cross-Complaint against the City and Richard Word, Chief of Police, filed on May 10, 2002, was heard on September 14, 2006, at 9:00 a.m., in Department 31. Kandis A. Westmore, Esq., appeared for the City and Chief Word. Jon Webster, Esq., appeared for Defendant and Cross-Complainant Kenny D. Hassey, and Cross-Complainants Matthew J. DeLorenzo and Chris Baker. The Court having reviewed the parties' written submissions and considered the arguments presented by counsel, HEREBY DENIES the Motion on the grounds set forth in the Court's separate

1

order granting the Motion for Summary Judgment of the City and Chief Word, and for the following additional reasons:

The Court finds that Cross-Complainants have not shown that the provision in the Memoranda of Understanding ("MOU") between the City and the Oakland Police Officers Association requiring police officer trainees and police officers to reimburse some or all of the cost of their required training if they voluntarily resign within 5 years from the date of hire violates the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), 29 C.F.R. § 531.35, Labor Code §§ 201, 221, 223, 432.5 and 450, Civil Code §§ 1667 and 1668, and Bus.& Prof. Code §§ 16600 and 17200. *See, e.g., Heder v. City of Two Rivers* (2002) 295 F.3d 777, 782-783. Cross-Complainants' argument that the City improperly attempts to circumvent the requirements of the FLSA and other laws through collective bargaining and by private contracts with its employees is not supported by law. The *Heder* decision clearly holds that a requirement that employees reimburse certain training costs if they resign before the employer receives its intended benefit from the training does not violate the FLSA.

The parties agree that police officer applicants without the basic training required under state law for all peace officers were required to sign two agreements acknowledging their reimbursement obligations under the MOU: (1) "Conditional Offer of Employment"; and (2) "Repayment Acknowledgement." The parties agree that the reimbursement obligation is conspicuously set forth in these agreements, and that officers must sign them in order to join the police department. The City's requirement that applicants who join the police force without the basic police training required by state law sign agreements acknowledging their awareness and understanding of the reimbursement provision in the MOU does not violate the Fair Labor Standards Act provisions with respect to the payment of minimum wages and the payment of wages without any requirement of a "kick back." 29 C.F.R. § 531.35.

2

Cross-Complainants' argument that the City violates 29 C.F.R. § 531.35 each time it pays its officers who have signed the reimbursement agreements because the payments are not "final" or "unconditional" is not supported by a common sense interpretation of the provision. The City pays the police officer trainees a salary well above the minimum wage during the several months of their training, and the officers are under no obligation to return any of that salary if they leave the force for any reason. The statute cited by Cross-Complaints in support of their claim, 29 U.S.C. § 206, only prohibits practices that result in the payment of wages below the national minimum wage. Cross-Complainants made no showing that they were effectively paid less than the minimum wage by the City. Indeed, Hassey states in the papers that he earned an hourly wage of $23.39 while employed by the City from March 1998 to February 1999. During oral argument, counsel argued that the three United States Department of Labor opinion letters clearly support Cross-Complainants' position. Having reviewed the opinion letters again, the Court does not agree with counsel's argument. The 1992 and 2005 opinion letters are not applicable because the alleged policies challenged therein require police officers to reimburse the salaries that they were paid during the period of their training. The policy of the State of Washington challenged in the 1999 opinion letter appears to be similar to the City's reimbursement policy, but it is not clear from the brief opinion that the employees are required to reimburse training costs only and not salary paid during training. Although the Court finds the opinion letters instructive on the issues presented by FLSA provisions, they have limited value as precedent because they are based solely on the representations made by the parties seeking the opinion. In this case, the Court concludes that the holding in *Heder* provides the most pertinent source of authority.

Finally, the City's requirement that police officers reimburse the City some or all of the cost of their training in the Oakland Police Academy does not violate public policy or any provision of the California Labor Code. The Court concludes that the cases cited

3

by Cross-Complainants in support of their motion, and in particular the *Kerrs' Catering*, *Benane*, *Tunkl* and *Whitlow* cases, are distinguishable. The Court finds that the City's requirement is not unconscionable. Although applicants cannot negotiate away the reimbursement term, they may choose to seek employment with other law enforcement agencies or obtain training in another academy certified by the Commission on Peace Officer Standards of Training prior to applying for employment. The record clearly establishes that the City's reimbursement provision only applies to applicants without the basic training required of all peace officers under state law.

   IT IS SO ORDERED.


Dated SEP 1 9 2006

                                          Winifred Y. Smith
                                          Judge of the Superior Court

4

## CLERK'S CERTIFICATE OF MAILING

RE:  CITY OF OAKLAND vs. KENNY D. HASSEY    2001027607

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served a copy of the **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION** by placing copies in envelopes to the addressees shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Kandis A. Westmore
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA   94612

Jon Webster, Esq.
Law Offices of Jon Webster
1985 Bonifacio Street, Suite 102
Concord, CA   94520-2264

Dated: September 19,  2006

Yvonne Bazzell, Deputy Clerk

# EXHIBIT 4

```
0612375
```

☐ ORIGINAL

F I L E D
ALAMEDA COUNTY

DEC 8 – 2006

CLERK OF THE SUPERIOR COURT
By_____
Deputy

1   Jon Webster  (State Bar No. 138786)
    THE LAW OFFICES OF JON WEBSTER
2   1985 Bonifacio Street, Suite 102
    Concord, CA 94520-2264
3   Telephone:   (925) 686-8790
    Facsimile:   (925) 686-8795
4

5
    Attorney for Defendant/Cross-
6   Complainants and Appellants:
    KENNY D. HASSEY, MATTHEW J.
7   DeLORENZO and CHRIS BAKER

8
                SUPERIOR COURT OF CALIFORNIA
9
                   COUNTY OF ALAMEDA
10
    CITY OF OAKLAND, a Municipal          SUPERIOR COURT NO. 2001-027607
11  Corporation,

12          Plaintiff and Respondent,     NOTICE OF APPEAL TO THE COURT OF
                                          APPEAL OF THE STATE OF CALIFORNIA,
13          v.                            FIRST APPELLATE DISTRICT

14  KENNY D. HASSEY, and Does 1
    through 10, inclusive,                [Code of Civil Procedure §904.1]
15
            Defendants and Appellants.
16
    KENNY D. HASSEY on behalf of
17  himself and all others similarly situated,

18          Cross-Complainants and        RECEIVED
            Appellants,
19                                         DEC 0 8 2006
            v.
20                                         %655.9 FOR DCA
    CITY OF OAKLAND, and RICHARD
21  WORD, individually and in his official
    capacity as Chief of the Oakland Police
22  Department, and ROES 1 through 50,
    inclusive,
23
            Cross-Defendants and
24          Respondents.

25

26      Defendant/Cross-Complainants and Appellants, KENNY D. HASSEY, on behalf of

27  himself and all others similarly situated, and "Opt-In" Cross-Complainants and Appellants,

28  MATTHEW J. DeLORENZO and CHRIS BAKER, appeal to the Court of Appeal of the
```

1  State of California, First Appellate District, from the Judgment entered on October 10, 2006,

2  in Department 31 of the above entitled Court, denying Defendant/Cross-complainants and

3  Appellants' Motion for Summary Judgment and granting Plaintiff/Cross-Defendant and

4  Respondent's Motion for Summary Judgment. Defendant/Cross-Complainants further appeal

5  any and all interlocutory orders issued herein. Notice of Entry of Judgment was served by

6  Plaintiff/Cross-Defendant and Respondent City of Oakland on October 10, 2006.

7       A true and correct copy of said judgement and Notice of Entry being attached hereto

8  and labeled "Exhibit A."

9

10  DATED: December _8_, 2006

11                                    JON WEBSTER
                                      Attorney for Defendant/Cross-
12                                    Complainants and Appellants
                                      KENNY D. HASSEY, MATTHEW J.
13                                    DeLORENZO and CHRIS BAKER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

# CALIFORNIA APPELLATE COURTS

## Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions



C|C
home

## 1st Appellate District

Change court 🔲

Court data last updated: 04/09/2008 01:05 PM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**City of Oakland v. Hassey**
**Division 4**
**Case Number A116360**

| Date | Description | Notes |
|------|-------------|-------|
| 01/09/2007 | Notice of appeal lodged/received. | D. D. Hassey et al;filed 12/08/06 |
| 01/09/2007 | Notified parties of local rules and procedures. | |
| 01/09/2007 | Filing fee. | J. Webster 8382 |
| 01/16/2007 | Received: | aplts designation rt;12/29/06 |
| 01/17/2007 | Default notice received-appellant notified per rule 8.140(a)(1). | re 12/8 appeal; failed to designate; mailed 12/21; |
| 01/17/2007 | Notice to reporter to prepare transcript. | sent to CSR Danielle Dyer dated 1/11/07. Txs due 2/11/07. |
| 01/19/2007 | Certificate of interested entities or persons filed by: | appellants, Kenny D. Hassey, Matthew J. DeLorenzo, and Chris Baker. |
| 01/19/2007 | Civil case information statement filed. | |
| 02/08/2007 | Notice of record completion received. | |
| 02/08/2007 | Record on appeal filed. | c-7-r-1 |
| 03/13/2007 | Appellant notified pursuant to rule 8.220(a)(1). | |
| 03/16/2007 | Telephone conversation with: | Margie at Jon Webster's office she requests we return the eot and process the 60-day stipulation. |
| 03/14/2007 | Stipulation of extension of time filed to: | |
| 03/26/2007 | Filed declaration of: | Jon Webster in support of stipulation for 60-day extension of time to file aob. |

| 03/26/2007 | Letter sent rescinding 8.220(a) notice. | (eot was here) |
|---|---|---|
| 06/06/2007 | Appellant notified pursuant to rule 8.220(a)(1). | |
| 06/20/2007 | Appellant's opening brief. | |
| 06/20/2007 | Filed letter from: | attorney Michael Devin for Jon Webster; dated 6-20-07; which states that the named defendants Matthew DeLorenzo and Chris Baker are in the process of authorizing counsel to dismiss them from the appeal; Counsel does not have formal written instructions and he will clarify their status as soon as possible. |
| 07/31/2007 | Respondent notified pursuant to rule 8.220(a)(2). | |
| 08/07/2007 | Stipulation of extension of time filed to: | |
| 09/24/2007 | Filed letter from: | from Jon Webster; dated 9-24-07. |
| 09/24/2007 | Filed document entitled: | Notic e of Withdrawal from Appeal by Appellants Matthew J. DeLorenzo and Chris Baker. |
| 09/24/2007 | Filed letter from: | attorney Jon Webster; dated 9-24-07 |
| 09/24/2007 | Filed document entitled: | First Amended Civil Case Information Statement; attorney information. |
| 09/27/2007 | Received: | respondents' brief; |
| 10/01/2007 | Motion filed. | for leave to file respondents' brief; |
| 10/01/2007 | Order filed. | Good cause appearing, respondents' motion for leave to file their respondents' brief is granted and the clerk of this court shall concurrently file this order and the proffered brief. The due date for any appellants' reply brief is October 22, 2007. |
| 10/01/2007 | Respondent's brief. | |
| 10/02/2007 | Stipulation of extension of time filed to: | |
| 10/05/2007 | Filed proof of service. | Amended Proof of Service On: Stipulation For 60-Day Extension Of Time For Filing Appellant's Reply Brief. |
| 12/17/2007 | Appellant's reply brief. | |
| 12/17/2007 | Case fully briefed. | |
| 01/18/2008 | Record to court for review. | |

| 01/18/2008 | Case on conference list. | |
| 01/18/2008 | Oral argument waiver notice sent. | |
| 01/23/2008 | Request for oral argument filed by: | Webster for aplt Hassey; |
| 03/07/2008 | Supplemental record/transcript filed. | R-1 (TX of 9-14-06) |
| 03/19/2008 | Argument order sent. | 4/8/08 at 1:30 pm; |
| 03/21/2008 | Stipulation filed to: | continue oral argument from 4/8/08 to 5/6/08 or any date thereafter that is convenient for the court; respondent's counsel will be out of the country from 3/22/08 through 4/7/08 and not return to work until 4/9/08; appellant's counsel is unavailable on 4/15/08, 5/1/08 and 5/2/08 |
| 04/01/2008 | Order filed. | The parties' stipulated request to continue the oral argument hearing is granted. The oral argument hearing calendared for April 8, 2008 at 1:30 p.m. is hereby recalendared to Tuesday, May 13, 2008. The parties will be notified later as to the time. |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California