JOHN A. RUSSO, City Attorney, SBN 129729
RANDOLPH W. HALL, Asst. City Atty., SBN 080142
CHRISTOPHER KEE, Deputy City Atty., SBN 157758
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:   (510) 238-7686  Fax: (510) 238-6500
Email: ckee@oaklandcityattorney.org
X03161/448137

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY GORDON, an individual, on behalf of herself and those similarly situated,<br><br>Plaintiff-Petitioner,<br><br>vs.<br><br>CITY OF OAKLAND, a Municipal Corporation,<br><br>Defendant-Respondent. | Case No. C08-01543 WHA<br><br>**[proposed] ORDER RE: DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS AND/OR TO ABSTAIN**<br><br>Date:      May 15, 2008<br>Time:      8:00 a.m.<br>Courtroom:   9 |

## I.     INTRODUCTION

Before the court is Defendant City of Oakland's Motion To Dismiss And/Or Abstain. For the reasons set forth below, the motion is GRANTED.

## II.    STATEMENT OF FACTS

Plaintiff's complaint asserts the following:

On November 5, 2005, plaintiff signed a conditional offer of employment with the Oakland Police Department, accepting as a condition of employment a provision of the MOU between the Oakland Police Officer's Association and the City of Oakland, that she might be required to reimburse the City for training expenses if, once hired, she left the Department's employment earlier than 5 years after her date of hire. The conditional offer set out the pro-rata reimbursement schedule. The offer contained a

box that stated "**Yes,** I accept this offer, and understand the conditions which attach to it." Plaintiff checked the "yes" box, signed, and dated the Conditional Offer.

Plaintiff was hired, successfully completed training, and became a sworn police officer in June of 2006. She resigned in January of 2008—less than five years after her date of hire. Upon her resignation, she was informed that she would be required to reimburse the City some $6400 dollars for the cost of her training, in keeping with her signed obligation to repay the City on a pro-rata basis should she leave her employment within five years of being hired. The City allegedly withheld $1950.34 of her final paycheck.

The MOU provides that trainees in the Academy receive a salary 10% less than the base salary for a police officer. Once plaintiff was hired as a police officer, she was paid $33.50 an hour. The complaint discloses no deductions from her paychecks for training costs during her 18 months of employment, until the final paycheck.

### III.   DISPOSITION

Plaintiff's complaint seeks both damages and injunctive relief under the Fair Labor Standards Act (28 U.S.C. section 201 et seq (FLSA), damages under 42 U.S.C. section 1983 for violations of her rights under the First, Fifth, and Fourteenth Amendments as well as the Privileges and Immunities Clause of Article Iv section 2 of the United States Constitution, and recovery under various provisions of the California Labor Code, Civil Code, and Business and Professions Code.

The City's motion seeks dismissal of the federal claims, and asks the court to abstain with respect to the state law claims under the abstention doctrine established under Colorado River Water Conservancy District v. United States, 424 U.S. 800 (1976) (Colorado River).

**A.   FLSA claims:**

The FLSA at a minimum requires an employer to pay its employees the minimum

1 wage established under the FLSA. 29 U.S.C. section 206(a)(1); <u>Adair v. City of
2 Kirkland</u>, 185 F.3d 1055, 1062 fn 6 (9th Cir. 1999). The complaint contains no sufficient
3 allegations that plaintiff was not paid the minimum wage in each paycheck during her
4 tenure with the Oakland Police Department. An employer may require reimbursement
5 of training costs so long as the employee receives the minimum wage under the FLSA.
6 <u>Heder v. City of Two Rivers Wisconsin</u>, 295 F.3d 777, 782-783 (7th Cir. 2002); <u>Chao v.
7 Bauerly</u>, 2002 WL 1923716 (D. Minn. 2005).

8   Moreover, this plaintiff may not lawfully obtain an injunction barring future
9 enforcement of the reimbursement agreement; only the Secretary of Labor may obtain
10 such relief. <u>Barrentine v. Arkansas-Best Freight System</u>, 750 F.2d 47, 51 (8th Cir.
11 1984).

12 **B.   42 U.S.C. Section 1983 Claims:**

13   Plaintiff has properly conceded that neither the FLSA nor state law provides the
14 underlying statutory basis for a section 1983 cause of action. Her remaining claims are
15 without merit.

16   **i.   First Amendment**

17   Plaintiff claims that the reimbursement agreement violates her First Amendment
18 right to "migrate." This appears to be a claim that the City has violated plaintiff's right to
19 travel, a right recognized as important, but not apparently one arising under the First
20 Amendment. See <u>Attorney General of New York v. Soto-Lopez</u>, 476 U.S. 898, 901-902
21 (1986); <u>Saenz v. Roe</u>, 526 U.S. 489, 498 (1999).

22   Regardless of the textual source, plaintiff's complaint fails to state a violation of
23 her right to travel. The "right to travel" under Supreme Court jurisprudence has "at least
24 three different components." <u>Saenz v. Roe</u>, 526 U.S. at 500. It "protects the right of a
25 citizen of one State to enter and to leave another state, the right to be treated as a
26 welcome visitor rather than an unfriendly alien when temporarily present in the second

1 State, and for travelers who elect to become permanent residents, the right to be
2 treated like other citizens of that State." Id.  None of those components are implicated
3 here.

### ii. Fifth Amendment

Plaintiff's complaint alleges what appears to be a takings claim under the Fifth Amendment.  As defendant correctly observes, the reimbursement agreement does not constitute a taking without just compensation, but is rather a contract whereby plaintiff agreed to reimburse the City for the costs of her training.  The money the City seeks is money the plaintiff owes to the City, not a taking of private property for public use.

In her opposition, plaintiff for the first time alleges a due process violation under the Fifth Amendment.  Even if that claim were properly before the court, there are no allegations that plaintiff did not receive notice and an opportunity to be heard prior to any alleged deprivation of her property or liberty interests.  The record shows that the conditional job offer put her on notice that she might be required to reimburse the City for the costs of her training.  Moreover, because the reimbursement agreement was pursuant to a Memorandum of Understanding between the City and the Oakland Police Officers Association, and the attachment to the complaint expressly states that the agreement includes a grievance procedure (see Complaint, Appendix A at p. 34 (Article IX), it appears that she also had an opportunity to be heard.  Armstrong v. Meyers, 964 F.2d 948, 950-951 (9th Cir. 1992)("A public employer may meet its obligation to provide due process through grievance procedures established in a collective bargaining agreement" even if union declines to process grievance.)

### iii. Privileges and Immunities Clause

Plaintiff's complaint alleges a violation of the Privileges and Immunities Clause in Article IV section 2; her opposition appears to also state a claim under the Privileges and Immunities Clause in the 14th Amendment.  Neither claim has merit.

[proposed] ORDER - 4 - C08-01543 WHA
RE: DEFENDANT CITY OF OAKLAND'S
MOTION AND NOTICE TO DISMISS
AND/OR ABSTAIN

1   As to Article IV section 2, "[d]iscrimination on the basis of out of state residency is a necessary element of a claim under the Privileges and Immunities Clause." Russell v. Hug, 275 F.3d 812, 821 (9th Cir. 2002). There are no such allegations in the complaint. As to the 14th Amendment, those claims fail too because there are no sufficient allegations that plaintiff, as a resident of the State of California, was treated any differently from any other resident who might have applied for the position of a police officer with the Oakland Police Department. Id. at 822.

### iv.   Unconstitutional Conditions

As explained above, none of plaintiff's constitutional claims are viable. Consequently, there is no basis for any assertions under the "unconstitutional conditions" doctrine.

## C.   Colorado River Abstention

Defendant asks the court to abstain from considering plaintiff's state law claims. The court need not consider whether abstention is appropriate because, insofar as there is no valid basis for plaintiff's federal claims, this court declines to exercise jurisdiction over the supplemental state law claims, under 28 U.S.C. section 1367(c)(3).

Even were section 1367(c)(3) not applicable, abstention would be appropriate. Abstention under the Colorado River doctrine rests on considerations of "wise judicial administration, conservation of judicial resources and comprehensive disposition of litigation." Fireman's Fund Insurance Company v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 1996). In weighing abstention, a district court may consider several factors, including such questions as whether the state court first assumed jurisdiction over the property in question, the order in which jurisdiction was obtained by the concurrent forums, whether federal or state law provides the rule of decision on the merits, whether the state court proceedings are inadequate to protect the federal litigants rights and the prevention of forum shopping. See Colorado River, 424 U.S. at 818-819; Moses H.

1  Cone Mem'l. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23, 26; Travelers' Indem. Co.
2  v. Madonna, 914 F.2d 1364, 1371 (9th Cir. 1990).

3  It appears from this record that the state court assumed jurisdiction well before this court, and that the matter has advanced through the trial court to the court of appeal with respect to the identical legal issues plaintiff asserts here. It is obvious that the state court can adequately protect the state law rights of the litigants, and that state law would provide the basis for decision as to those causes of action. Moreover, the City has presented evidence suggesting that by filing this action, plaintiff's counsel has engaged in forum shopping. These factors all support abstention with respect to plaintiff's state law claims. Fireman's Fund Insurance Company v. Quackenbush, 87 F.3d at 297.

## II.   CONCLUSION

There is no valid basis for any of plaintiff's claims arising under federal law and those claims are dismissed. Dismissal of the federal claims removes the basis for original jurisdiction of this court, and, under 28 U.S.C. section 1367(c)(3) the court declines to exercise jurisdiction over plaintiff's state law claims. Even were the court inclined to exercise its supplemental jurisdiction, the court, in its discretion, concludes that abstention is appropriate under the Colorado River doctrine as to those claims.

**IT IS SO ORDERED.**

Dated:

_____
U.S District Court Judge