Jon Webster (Cal. State Bar No. 138786)
Michael Devin (Cal. State Bar No. 107630)
THE LAW OFFICES OF JON WEBSTER
1985 Bonifacio Street, Suite 102
Concord, CA 94520-2264
Telephone:   (925) 686-8790
Facsimile:   (925) 686-8795

Attorneys for Plaintiff:
COURTNEY GORDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY GORDON, an individual, on behalf of herself and those similarly situated,<br><br>　　　　　Plaintiff-Petitioner,<br><br>　v.<br><br>CITY OF OAKLAND, a Municipal Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant-Respondent. | CASE NO.  C 08-01543 WHA<br><br>**PLAINTIFF-PETITIONER'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>FRCP, Rule 15 (a)(2)<br><br>DATE:　　　　July 10, 2008<br>TIME:　　　　8:00 A.M.<br>COURTROOM:　Hon. William Alsup |

**SUMMARY OF REPLY**

The City of Oakland is correct that the proposed First Amended Complaint ("FAC") as averred fails to state a cause of action under the Fair Labor Standards Act in so far as at page 4, line 13, in paragraph 11, and page 6, line 27 in paragraph 22 the FAC reads "29 U.S.C. §207(c)" or "29 U.S.C. 207(c)(4)B). This represents a typographical error caused by plaintiff's counsel and should have averred, "29 U.S.C. §207(o)" and "29 U.S.C. §207 (o)(4)(B)," Plaintiff is contemporaneously filing herewith an errata sheet making this correction. With this correction, the FAC clearly states a cause of action against the City for its withholding of plaintiff's paycheck for compensatory time at the time of her discharge.

In lieu of filing an errata sheet, or in addition to, plaintiff would simply ask that she be granted 24 hours leave to file a Second Amended Complaint correcting this typographical error.

Second, while the City is correct in stating that the California Court of Appeal has recently (June 17, 2008) opined that the City's reimbursement agreement is not contrary to the protections afforded employees under the FLSA, that opinion (1) at least in part relied on this Court's prior dismissal of this plaintiff's complaint, and (2) it is contrary to clearly established federal precedent, e.g., *Mayhue's Super Liquor Stores, Inc., v. Hodgson,* 464 F.2d 1196 (5th Cir. 1972). As averred in the FAC, the plaintiff here made a total wage in her final work week of $756.05. However, as a result of the reimbursement provisions, she was required to and did pay the City $5,268.03, a sum that is in addition to the compensatory time check the City seized and applied to the reimbursement "obligation." This effectively reduced the plaintiff's rate of pay in her final work week to a negative number. This is contrary to the anti-kickback provisions of the FLSA contained in 29 C.F.R. §531.35.

## II.   REBUTTAL ARGUMENT

**A.   Plaintiff's Proposed First Amended Complaint Contains A Typographical Error Subject to Correction By an Errata Sheet That Does Allege A Direct Violation of the FLSA**

The City correctly advises this Court that the FAC contains an invalid allegation of the FLSA. Indeed, on page 4, lines 13, 18-19, at paragraph 11, and on page 6, line 27 at paragraph 22, the FAC avers a violation of "29 U.S.C. §207(c)" or "29 U.S.C. §207(c)(4)(B)," respectively. The correct citation should have been to "29 U.S.C. §207(o)" and "29 U.S.C. 207(o)(4)(B)," respectively. This was a typographical error counsel inadvertently made when typing the FAC from his handwritten notes.

29 U.S.C. §207(o)(4) reads:

> "An employee who has accrued compensatory time off authorized to be provided under paragraph (1) shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than . . ."

///

1  29 U.S.C. §207(o)(4)(B) states:

2  "the final regular rate received by such employee,"

3  This statutory violation (29 U.S.C. §207(o)(4)(B)") has always been the gravamen of the City's conduct averred in the FAC. Permitting the FAC to be corrected by the errata sheet filed contemporaneously herewith, or alternatively by permitting the plaintiff to file a Second Amended Complaint to correct this typographical error should be permitted as it would not prejudice the City. The City would simply have to answer why it was not contrary to the Fair Labor Standards Act to withhold plaintiff's compensatory time off check upon her separation from employment. Plaintiff, however, would be irreparably harmed if she were not permitted to make this typographical correction.

**B.    City's Reimbursement Agreement Violates the FLSA's Requirement That The Plaintiff Receive The Federal Minimum Wage For Her Final Workweek As Averred in the First Amended Complaint**

As this Court has previously noted, "Whether the employee pays the 'valid debt' out of his wages or other resources, his effective rate of pay is reduced by the amount of such debts. When it is reduced below the required minimum wage, the law is violated." See, *Mayhue's Super Liquor Stores, Inc., v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972); *Heder v. City of Two Rivers*, 295 F.3d 777, 782-83 (7th Cir. 2002); 29 C.F.R. §531.35. Further, for purposes of the FLSA, each work week stands alone (29 U.S.C. §206).

In the FAC, plaintiff has averred that in her final work week, she received a gross wage for her hours worked in the amount of $756.05 (FAC, pg.5, lines 3-6). Of this amount, $465.85 was that required to be paid under the FLSA. (FAC, pg. 6, lines 20-23). However, to meet the requirements of the City's reimbursement agreement, plaintiff was required to pay the City $5,268.03. (FAC, pg. 6, lines 23-25). This was in addition to the sum taken by the City in the form of the plaintiff's compensatory time off check in the amount of $654.77. (FAC, pg. 5, lines 12-16). Thus, by any calculation under *Mayhue*, the plaintiff was completely deprived of her federally protected minimum wage as a result of the City's reimbursement mandate.

///

C. **The City's Mandatory Police Academy Training For Which Mandatory Reimbursement Is Required Primarily Benefits The City And Consequently, Reimbursement In The Final WorkWeek Depriving the Plaintiff of Her Minimum Wage Violates The FLSA**

As stated in *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002), "If an expense is determined to be primarily for the benefit of the employer, the employer must reimburse the employee during the workweek in which the expense arose, 29 C.F.R. 531.35" *Id.* Pg. 1237. The U.S. Department of Labor (DOL) has identified a list of facilities it has determined to be primarily for the benefit or convenience of the employer. This list is illustrative only and speaks of things such as tools and uniforms.[1] "The expenses which are primarily for the benefit of the employee, . . . include meals, dormitory rooms, housing, merchandise from company stores such as food, clothing, and household effects." *Arriaga*, pg. 1236. See also: *Rivera v. Brickmann Group, LTD*, 2008 WL 81570 (ED Pa, 2008), holding transportation and visa costs are primarily for the benefit of the employer.

Here, the City is under a state statutory obligation only to deploy persons who have completed a state certified police academy.[2] Thus, as a matter of law, the primary reason the City sent the plaintiff herein to its academy is to meet the state requirements and to deploy her as a peace (police) officer. Requiring reimbursement in the amount of $6,400 for such costs in the plaintiff's final work week when the plaintiff only made $756.05, violates the FLSA.

Further, seizing the plaintiff's compensatory time off check upon her separation is specifically prohibited under the FLSA by 29 U.S.C. §207(o)(4)(B).

As applied, the entire agreement contravenes the protections of the FLSA since neither the plaintiff nor those similarly situated to the plaintiff make, in their final work week, the requisite federal minimum wage, plus an additional amount that might be subject to seizure by the City.

---

[1] See, 29 C.F.R. 531.3(d)(2); 531.32(c)

[2] See, Cal. Pen. Code, §832(a), [Peace officers shall complete state specified training]; Pen. Code, §13510, [Cal., minimum standards for recruitment and training]

**D.   The State Appellate Court Decision Relied Upon By The City Was Decided, In Part, On This Court's Earlier Decision to Dismiss This Plaintiff's Complaint**

The City invites this Court to take notice of the decision contained in *Hassey v. City of Oakland*, 2008 WL 2428205, (1st DCA, Cal, 6/17/2008). However, that decision in part relied upon a portion of this Court's earlier, unpublished opinion, dismissing this plaintiff's original complaint. *Id.*, fn 10. This occurred after the City requested the California Court of Appeal take judicial notice this Court's earlier dismissal of this plaintiff's complaint. Now the City wants this Court to take notice of that second decision. This equates to circular logic that is prejudicial to this plaintiff's request she be granted leave to file this amended complaint.

### III. CONCLUSION

Plaintiff has shown by way of her First Amended Complaint that she should be entitled to pursue a single cause of action against the City of Oakland. That cause embraces both the requirement that she sign the reimbursement agreement and make reimbursement for the City's alleged costs of training. As this training was primarily for the benefit of the City, such reimbursement could not reduce plaintiff's federally protected wages in the final week of her employment with the City. It did. Additionally, the City seized the plaintiff's compensatory time off check which it was precluded from doing by 29 U.S.C. §207(o)(4)(B). While that specific allegation contained a typographical error in the proposed First Amended Complaint, the errata sheet contemporaneously filed herewith corrects this error.

For each of the aforementioned reasons, plaintiff's First Amended Complaint should be permitted to be filed with this Court together with its errata sheet. In the alternative, plaintiff should be granted 24 hours to file a Second Amended Complaint correcting the typographical error.

Respectfully submitted this 26th day of June, 2008

JON WEBSTER
Attorney for Plaintiff
COURTNEY GORDON