1  Jon Webster (State Bar No. 138786)
   Michael Devin (State Bar No. 107630
2  THE LAW OFFICES OF JON WEBSTER
   1985 Bonifacio Street, Suite 102
3  Concord, CA 94520-2264
   Telephone:   (925) 686-8790
4  Facsimile:    (925) 686-8795
   E-Mail: jon@jwcounsel.com
5
   Attorneys for Plaintiff
6  COURTNEY GORDON, an individual,
   on behalf of herself and those similarly situated
7

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  COURTNEY GORDON, an individual, on behalf of herself and those similarly situated, | CASE NO:   C 08-01543 WHA |
| 12 | **JOINT CASE MANAGEMENT STATEMENT** |
| 13            Plaintiff-Petitioner, | |
| 14      v. | DATE:    July 17, 2008 |
| 15  CITY OF OAKLAND, a Municipal Corporation, and DOES 1 through 50, inclusive, | TIME:    11:00 a.m.<br>DEPT:    Courtroom 9, 19th Floor<br>PLACE:   450 Golden Gate Ave<br>         San Francisco, California |
| 16            Defendant-Respondent. | |

17

18

19       The parties hereby submit this Joint Case Management Conference Statement.

20  1.   **JURISDICTION AND SERVICE**

21       Plaintiff alleges jurisdiction under Title 29 U.S.C. §201, et seq. Plaintiff's claims arise

22  from her employment as a police officer for the City of Oakland, and specifically for two acts

23  plaintiff asserts contravene the Fair Labor Standards Act, ("FLSA").

24       Service of process has been completed on the City. The City has successfully moved

25  to dismiss the complaint, but the Court granted the plaintiff leave to file a motion to amend

26  and a proposed First Amended Complaint. This motion is presently set for July 17, 2008 in

27  before this Court.

28  ///

2. **FACTS**

Plaintiff claims that the Cit of Oakland requires it hires as new police officer trainees ("POTs") to execute a "Conditional Offer of Employment as an Oakland Police Officer," ("the Conditional Offer"). This requires the POT to promise to pay up to $8,000 it associates with training the POT should the POT resign before the completion of five years of employment with the City of Oakland as a police officer. The repayment provision is also contained in the collective bargaining agreement ("CBA") between the City and the union representing police officers.

In this case, the plaintiff was required to sign the Conditional Offer as a prerequisite to being hired. She resigned from the employment of the City approximately one and one-half years after being promoted from a POT to a regular police officer. As a result of the City assessed the plaintiff $6,400.00 under the Conditional Offer. Plaintiff contends that in partial payment of the Conditional Offer, the City seized the plaintiff's vacation and overtime compensation checks and had threatened to sue plaintiff for the remaining balance due. Plaintiff has since paid, over her objection, the remaining balance due under the Conditional Offer, a sum slightly over $5,300.00.

Plaintiff brought this action seeking a declaration on behalf of herself and others that the Condition Offer violates the anti-kickback provisions of the FLSA (29 C.F.R. §531.35) because the debt incurred under the Conditional Offer exceeds any wage she earned during any workweek, and indeed, her final workweek. Further, by seizing her final compensatory time off check, the City also violated the FLSA's requirement that such overtime in lieu be paid in full upon separation of the employment relationship. (See, 29 U.S.C. §207(o)(4)(B)). Plaintiff further has alleged this conduct is willful and should entitle her to liquidated damages according to proof.

The City contends that there has been no violation of the FLSA because it avers plaintiff was paid at least the statutory minimum wage in each pay period of her employment, and was properly compensated for any overtime she may have accrued as well.

///

3. **LEGAL ISSUES**

The primary issue apparent to plaintiff and raised in the City's motion to dismiss is the validity of the repayment provisions under the FLSA. As noted by this Court, the Ninth Circuit has yet to rule on the legality of such a repayment provision. While the California Court of Appeal has recently opined that such a repayment obligation is lawful under the FLSA. That opinion cited this Court's earlier dismissal of the plaintiff's complaint. Further, that opinion is not final, and plaintiff's counsel -who also represents the appellant in that matter- has filed a petition for rehearing and has been instructed to file an appeal to the California Supreme Court.

4. **MOTIONS**

The City Attorney anticipates moving to dismiss any amended complaint and will file such motion within 30 days of the service of an amended complaint. The City Attorney contends plaintiff cannot allege a legally cognizable claim.

5. **AMENDMENT OF PLEADINGS**

Plaintiff has amended her complaint and filed an errata sheet to correct a typographical error on that pleading. The parties are awaiting the Court's decision on July 17th concerning the motion to amend and the filing of the First Amended Complaint as corrected by the errata sheet on file in this matter.

6. **EVIDENCE PRESERVATION**

Plaintiff would ask that the City of Oakland retain all personnel and payroll records, and the records of any reimbursement received from the State of California or any other source for operating its police academy, and the cost calculations relied upon for the Conditional Offer's $8,000 reimbursement claim.

7. **DISCLOSURES**

No formal disclosure pursuant to Rule 26 has been made at this time because, until this Court grants plaintiff leave to file here amended complaint, there is no operative pleading.

///

8.  **DISCOVERY**

No formal discovery has been commenced due to the pending motion for leave to amend.

9.  **CLASS ACTIONS**

Plaintiff contends that any representative action would arise under the FLSA's collective action provisions, (29 U.S.C. §216(b)). Plaintiff is unaware how many putative members might elect to "opt-in" to any such collective action. The City contends that this matter would require class certification and that there would not be sufficient members for a class. The City would consequently challenge plaintiff's efforts to certify a class on this and other grounds.

10. **RELATED CASES**

There is no related federal action.

11. **RELIEF**

Plaintiff seeks monetary damages and declaratory relief.

12. **SETTLEMENT AND ADR**

Both parties and their counsel believe there is little prospect for settlement.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff has consented to a magistrate judge, the City of Oakland has not consented.

14. **OTHER REFERENCES**

Plaintiff does not believe other references are appropriate given the legal issues involved.

15. **NARROWING OF ISSUES**

The City contends that the issues can be narrowed by another motion to dismiss or summary adjudication on stipulated facts. Plaintiff contends that the issues can be narrowed only upon summary judgment, either with or without an agreed statement of facts.

///

///

///

16. **EXPEDITED SCHEDULE**

Plaintiff believes that an expedited schedule is unnecessary, given the likelihood that the parties will be able to stipulate to a set of facts and file a dispositive motion.

17. **SCHEDULING**

Proposed dates for designation of experts, cutoff of discovery, dispositive motions, pretrial conference and trial to be determined.

18. **TRIAL**

Plaintiff requests a jury trial if this case is not resolved by dispositive motions, anticipated length of trial is two days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has not filed the Certification of Interested Entities or Persons. Plaintiff believes that resolution of this case will affect other lawsuits filed by the City of Oakland against officers similarly situated to plaintiff.

Dated: July 9, 2008

JON WEBSTER
Attorney for Plaintiff
COURTNEY GORDON

Dated: July 9, 2008

RACHEL WAGNER
CHRIS KEE
Deputy City Attorneys for Defendant
CITY OF OAKLAND