IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COURTNEY GORDON, an individual, on
behalf of herself and those similarly situated,

      Plaintiff-Petitioner,

  v.

CITY OF OAKLAND, a Municipal
corporation, and DOES 1 through 50,
inclusive,

      Defendants.
                                                   /

No. C 08-01543 WHA

**CASE MANAGEMENT ORDER**

        After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1.   All initial disclosures under FRCP 26 must be completed by **AUGUST 29, 2008**, on pain of preclusion under FRCP 37(c).

2.   Leave to add any new parties or pleading amendments must be sought by **AUGUST 29, 2008**.

3.   The non-expert discovery cut-off date shall be **JANUARY 23, 2009**.

4.   The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **JANUARY 23, 2009**. Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties must disclose any responsive expert testimony with full expert reports responsive to opening reports ("opposition reports"). Within

1 **SEVEN CALENDAR DAYS** thereafter, the opening parties must disclose any reply reports
2 rebutting specific material in opposition reports.  Reply reports must be limited to true
3 rebuttal and should be very brief.  They should not add new material that should have
4 been placed in the opening report.  Without a reply report disclosure, no reply/rebuttal
5 expert testimony will ordinarily be allowed.  The cutoff for all expert discovery shall be
6 **FOURTEEN CALENDAR DAYS** after the deadline for reply reports.  In aid of preparing an
7 opposition or reply report, a responding party may depose the adverse expert
8 sufficiently before the deadline for the opposition or reply report so as to use the
9 testimony in preparing the response.  Experts must make themselves readily available
10 for such depositions.  Alternatively, the responding party can elect to depose the expert
11 later in the expert-discovery period.  An expert, however, may be deposed only once
12 unless the expert is used for different opening and/or opposition reports, in which case
13 the expert may be deposed independently on the subject matter of each report.  At least
14 **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a
15 list of issues on which it will offer any expert testimony in its case-in-chief (including
16 from non-retained experts).  This is so that all parties will be timely able to obtain
17 counter-experts on the listed issues and to facilitate the timely completeness of all
18 expert reports.  Failure to so disclose may result in preclusion.

19  5. As to damages studies, the cut-off date for *past damages* will be as of the expert report
20 (or such earlier date as the expert may select).  In addition, the experts may try to
21 project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for
22 future damages can be met.  With timely leave of Court or by written stipulation, the
23 experts may update their reports (with supplemental reports) to a date closer to the time
24 of trial.

25  6. At trial, the direct testimony of experts will be limited to the matters disclosed in their
26 reports.  Omitted material may not ordinarily be added on direct examination.
27 This means the reports must be complete and sufficiently detailed.
28 Illustrative animations, diagrams, charts and models may be used on direct examination

2

only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements.

7. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 15 below.

8. Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 8:00 a.m. The Court sometimes rules on the papers, issuing a written order and vacating the hearing. If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

9. The last date to file dispositive motions shall be **MARCH 12, 2009**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

3

10. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **MAY 18, 2009**. For the form of submissions for the final pretrial conference and trial, please see paragraph 15 below.

11. A **JURY TRIAL** shall begin on **JUNE 1, 2009**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

12. Counsel may not stipulate around the foregoing dates without Court approval.

13. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

14. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

15. If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" and other orders issued by the Clerk's office when this action was commenced. Among other things, the supplemental order explains when submissions are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely). With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The Honorable William Alsup." All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov. The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

16. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

**IT IS SO ORDERED.**

Dated: July 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE