1
2
3
4

Jon Webster (Cal. State Bar No. 138786)
Michael Devin (Cal. State Bar No. 107630)
THE LAW OFFICES OF JON WEBSTER
1985 Bonifacio Street, Suite 102
Concord, CA 94520-2264
Telephone:    (925) 686-8790
Facsimile:    (925) 686-8795

5
6

Attorneys for Plaintiff:
COURTNEY GORDON

7

8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10

11
12

COURTNEY GORDON, an individual, on
behalf of herself and those similarly
situated,

CASE NO.    C 08-01543 WHA

13        Plaintiff-Petitioner,

**SECOND AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND DAMAGES**

14        v.

**VIOLATION OF THE FEDERAL LABOR
STANDARDS ACT [29 U.S.C. §§ 207,
207(O)]**

15
16

CITY OF OAKLAND, a Municipal
Corporation, and DOES 1 through 50,
inclusive,

17        Defendant-Respondent.

18

**JURY TRIAL DEMANDED**

19        **JURISDICTION**

20        1.        Plaintiff-Petitioner, COURTNEY GORDON, brings this action against the

21        Defendant-Respondent, CITY OF OAKLAND, (hereinafter "the City") on behalf of herself

22        and all those similarly situated, pursuant to Section 16(b) of the federal Fair Labor

23        Standards Act (29 U.S.C. §§ 201, 216(b) et seq, hereinafter "FLSA"). As a consequence,

24        this Court has original jurisdiction pursuant to 28 U.S.C. §1331.

25        **VENUE**

26        2.        This Court is the proper venue in which to bring this action because the

27        defendant employer, the City, is located in this District and all actions complained of

28        occurred in this District.

1

**FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS**

2

**(California Requirements Governing Peace Officer Training)**

3        3.        Pursuant to California Penal Code, §§ 832.3, 832.4 and Title 11 Cal. Code

4    Regs. §1005, anyone "who is first employed after January 1, 1975, shall successfully

5    complete a course of training prescribed by the Commission on Peace Officer Standards

6    and Training ("POST") before exercising the powers of a peace officer, except while

7    participating as a trainee in a supervised field training program approved by the

8    Commission on Peace Officer Standards and Training." After completing a POST certified

9    police academy and the requisite field training program, the City generally awards a POST

10    "Basic Certificate" that enables them to exercise peace office powers as provided by Cal.

11    Penal Code, §830.1.

12        **(The City of Oakland's Training "Reimbursement" Policy)**

13        4.        The City continuously recruits U.S. citizens from around the country to fill

14    open positions for Police Officer Trainee, (hereinafter "POT"). A POT is an employee of

15    the City who is assigned to attend the Oakland Police Academy because they do not poses

16    a "Basic Certificate" as required under California law.

17        5.        To satisfy the requirements of Penal Code §§ 832.3, *et sea*, the City created

18    its own police academy, staffed and operated by employees of the City; It is known as the

19    Oakland Police Academy. A POT is paid to attend the Oakland Police Academy for a

20    period of approximately twenty-six (26) weeks. After graduation, the POT is "promoted"

21    to the position of Police Officer and is ordered to complete the required "Field Training

22    Program" ("FTO") as required by POST. After successfully completing the FTO program,

23    the City typically authorizes POST to issue the individual their POST "Basic Certificate"

24    that enables them to independently utilize their peace officer powers as accorded by Cal.

25    Penal Code, § 830.1, *et seq*. Plaintiff contends that the police academy training was a cost

26    incurred, "primarily for the benefit of the employer" pursuant to 29 C.F.R. 531.3(d) and

27    could not be passed on to Plaintiff and/or those similarly situated to Plaintiff.

28    ///

6.      Since the late 1990's, the City and the collective bargaining unit for police officers in the City, known as the Oakland Police Officers' Association ("OPOA"), have entered into successive collective bargaining agreements ("CBA") whereby the City and the OPOA agree that should an employee employed as a Police Officer who was originally hired as a POT leave the employment of the City prior to completing five years of service as a Police Officer, the City is entitled to collect up to $8,000 to "recoup" what the City contends is its "costs" for training the individual at the Oakland Police Academy. A true and correct copy of this reimbursement clause, generally referred to hereinafter as "Appendix A," is attached hereto and labeled, "Exhibit A."

7.      In addition to setting reimbursement at $8,000 and authorizing additional "collection fees," incurred in enforcing the "reimbursement" provisions, Appendix A of the CBA ostensibly permits the City to seize the final paycheck of the employee who terminates employment before the specified term set in the CBA. Such funds withheld are then applied to reduce the reimbursement obligation the City claims the Police Officer owes it.

8.      When a person applies to the City to become a POT, they are required to pass a series of written, physical agility and oral examinations required by POST. If they are successful, the City extends a *Conditional Offer of Position as a Police Officer Trainee* ("the Conditional Offer") to the candidate. A true and correct copy of the Conditional Offer is attached hereto and labeled, "Exhibit B." Like Appendix A, the Conditional Offer restates that candidates applying for a position as a POT are required to "reimburse" the City up to $8,000 plus collection fees should they leave the City's employment within five years after being promoted from a POT to a Police Officer. This amount is reduced by 20 percent (20%) each year the employee provides the City services as a Police Officer.

///

///

///

///

9.      Plaintiff was a successful applicant for the position of a POT with the City. On or about November 3, 2005, Plaintiff received a letter from Oakland Police Lieutenant, Michael Johnson advising her that she had been a successful candidate, and that she would be required to sign the Conditional Offer to be considered for hiring as a POT by the City. On November 5, 2005, Plaintiff signed the Conditional Offer. On November 28, 2005, the City hired Plaintiff as a POT and sent her to the Oakland Police Academy in order for her to complete the POST mandated police academy.

10.     Plaintiff was not provided the option to go to another POST certified academy despite the fact others exist in the state and, being operated by local community colleges, are offered at less cost than that of the Oakland Police Academy. Further, Plaintiff was not entitled to negotiate the terms of the Conditional Offer's repayment mandate.

**(Compensation Paid Plaintiff and Similarly Situated Police Officers by the City)**

11.     Pursuant to 29 U.S.C. §207(o), the City and the OPOA negotiated to provide the Plaintiff, and those similarly situated, with compensatory time off in lieu of overtime. If this time was not used, it would be paid at the then regular rate of the employee. Further, pursuant to the terms of the CBA, Plaintiff was entitled to receive overtime at the rate of one and one-half times her contractual rate of pay, and overtime was required to be paid for certain specified holidays, including Martin Luther King Day. Pursuant to 29 U.S.C. §207(o)(4)(B), upon Plaintiff's termination, the City would pay Plaintiff her earned compensatory time off calculated at her then regular rate. At the time of Plaintiff's separation, she had accumulated 18.75 hours of unused compensatory time off. (See, "Exhibit E")

12.     On June 2, 2006, following her graduation from the Oakland Police Academy, the City promoted the Plaintiff from a position of a POT to that of a Police Officer. The City then paid Plaintiff, and those similarly situated, $33.25 per hour for a total weekly compensation of $1,330.00 per week.(See, "Exhibit C")  However, by operation of Appendix A and/or the Conditional Offer, the City then held a claim for "training cost reimbursement" in the amount of $8,000 against this weekly wage.

13.    During Plaintiff's entire tenure of employment with the City, in no single work week did Plaintiff, nor anyone similarly situated, earn more than $2,000.00.

14.    In the final work week Plaintiff worked for the City, the Plaintiff worked two eight hour days, one being January 21, 2008, Martin Luther King Day, a holiday paid at time and one-half rate. Plaintiff was compensated in the amount of 20 hours at $37.8025 per hour, or $756.05. The week prior, the Plaintiff had worked forty hours at the same rate of pay for a total compensation of $1,512.09. Over these two weeks, the City paid Plaintiff an educational incentive in the total amount of $117.33, consequently raising the earnings of the Plaintiff in each work week by one-half thereof, or $58.67/$58.66. Thus, Plaintiff earned $814.72 for her final work week, and $1,570.76 the week before. (See, "Exhibit D")

**(The Recovery of Training Costs Against Plaintiff and Those Similarly Situated)**

15.    The Plaintiff resigned from the employment of the City on January 25, 2008. Immediately, the City withheld both her vacation accrual pay check ($1,295.57) and her compensatory time off accrual check ($654.77). Plaintiff is not certain if these amounts are gross or net amounts since she was never provided a copy of these checks by the City. The City applied these withheld funds in partial satisfaction of the $6,400 training reimbursement claim it held against Plaintiff consistent with Appendix A and the Conditional Offer.

16.    On January 25, 2008, Peter D. Fitzsimmons, Manager, Fiscal Services Division for the City notified Plaintiff by letter that the City was entitled to recover from Plaintiff training reimbursement in the amount of eighty percent (80%) of the $8,000 training costs stipulated in Appendix A and the Conditional Offer, or $6,400.00. (See, "Exhibit E"). Mr. Fitzsimmons further advised Plaintiff that the City was also seeking payment of $339.46 as un-earned but paid out uniform allowance.[1]

---

[1]    This complaint does not challenge the recovery of any pro-rated uniform allowance that was actually paid out to Plaintiff. Further, due to an apparent miscalculation by the City of sums its claims it was due, the uniform allowance does not materially alter the calculations made herein.

17.    On March 12, 2008, Plaintiff received a collection notice dated March 7, 2008, from S. Thurston, Collection Officer with the City. (See, "Exhibit F").  This letter demanded Plaintiff immediately tender $5,268.03 by March 21, 2008. This figure equated to $6.400.00 in training costs reduced by application of Plaintiff's compensatory time off and vacation check seizure ($1,950.34), plus an additional $834.28 in "collection costs."

18.    Redacting the pro-rated uniform allowance not challenged herein, the City was actually demanding Plaintiff pay it an additional $4,789.12 to satisfy the "training reimbursement," and $478.91 in collection costs. On May 29, 2008, the Plaintiff submitted a cashier's check in the full amount, ($5,268.03) to the City Collection Office. This check was submitted by the Plaintiff marked, "Paid under protect, reserving all legal remedy." (See, "Exhibit G")

19.    The City accepted the Plaintiff's check and provided Plaintiff with a receipt marked, "Paid in full." (See, "Exhibit H").

20.    The federal minimum wage applicable to the Plaintiff until July 23, 2007 was $5.15 per hour. On July 24, 2007 and thereafter, the applicable minimum wage was $5.85 per hour. The applicable contractual overtime rate for the Plaintiff in her final work week was $52.38 ($34.92 x 1.5).

## COUNT ONE
### [Violation of the Federal Minimum Wage]

21.    Plaintiff avers that the withholding of her compensatory time off check as averred herein was a violation of the FLSA to wit, 29 U.S.C. §207(o)(4)(B).

26.    In doing the things averred herein, the City has acted wilfully as defined in 29 U.S.C. §255(a).

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.    For actual damages in the amount of Plaintiff's withheld compensatory time off check, and

2.    For an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b), and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.    For a declaration that the portion of Appendix A of the CBA to the extent said CBA ostensibly authorizes the City to withhold the compensatory time off wages of the plaintiff, and those similarly situated,  is a violation of the 29 U.S.C. 207(o)(4)(B),

4.    For prejudgment interest thereon, and

7.    For reasonable attorneys fees and costs of suit, and

8.    For such further relief as this Court may deem proper.

Respectfully submitted,


August 26, 2008                                        /s/
                                          _____
                                          JON WEBSTER
                                          Attorney for Plaintiff
                                          COURTNEY GORDON

**EXHIBIT A**

## **APPENDIX A**

UNIT PT BENEFITS/EXCLUSIONS

The City of Oakland, hereinafter referred to as "City", and the Oakland Police Officers' Association, hereinafter referred to as "OPOA", hereby agree that the provisions of this Memorandum of Understanding which apply to employees in Unit PT are as follows:

Preamble

Article I - General Provisions - Entire Article.

Article II - Direct Pay for Services.

A.    Salary   Persons employed as Police Officer Trainees will receive a salary that is ten percent (10%) less than the base salary attached to the entry level, A salary step for Police Officers on the PERS retirement system.

E.    Overtime.   Police Officer Trainees shall receive overtime in accordance with the provisions of the Fair Labor Standards Act. Accordingly, overtime shall be paid on all hours worked over one hundred and seventy-one (171) in the established twenty-eight (28) day work period. All overtime shall be paid in cash.

Article IV  Insurance Programs

A.    Insurance Programs.

1.    Health Insurance.

2.    Dental Insurance.

4.    Life Insurance.

Article V  Leaves and Holidays

C.    Leaves of Absence.

D.    Family Death Leave.

1.    Definition of Immediate Family.

2.    Entitlement.

Upon Approval of the department head or his/her designated representative, a Police Officer Trainee may be granted family death leave without pay up to an amount not to exceed five (5) working days.

ARTICLE VI  ALLOWANCES

A    Uniform Allowance.

1.    Initial Uniform Allowance.

2.    Annual Uniform Allowance.

Article VII - Self Improvement Incentive.  Nothing shall apply.

Article VIII - Special Provisions.  Nothing shall apply.

Article IX - Grievance Procedure.  Entire Article.

Article X - Resolution - Full Understanding - Non-Nullification and Duration. Entire Article.

Deferred Compensation.
In addition, City and the OPOA, in accordance with Treasury Regulations, Section 31.3121 (b) (7), hereby agree to adopt a deferred compensation plan for employees in Representation Unit T; such plan to be in accordance with the guidelines set forth in Internal Revenue Code Section 457. Under this plan, the City will contribute 3.75% of each participating employee's wages including overtime to a deferred compensation plan administered by Great Western Savings and referred to by the administrator as an "Index Account". Each participating employee will contribute an equivalent 3.75% of "wages", as that term is described above. An employee will be immediately one hundred percent (100.0%) vested as to all contributions made on his/her behalf, whether by the employee or by the City.

Police Office Trainee Training Costs. The parties recognize that in the past a substantial number of persons have accepted the benefit of training at the Oakland Police Academy and then have voluntarily separated from service to join other safety agencies or have decided for personal reasons that police work is not their preference. The purpose of this provision is to insure that the recruit either accept a commitment of service to the City or be responsible for costs associated with Academy training. Thus the parties agree that any member who,

# EXHIBIT B

# OAKLAND POLICE DEPARTMENT

## CONDITIONAL OFFER OF POSITION AS A POLICE OFFICER TRAINEE

**Candidate:** Gordon, Courtney

**Social Security Number:** '     -7660

The City of Oakland Police Department hereby notifies you that you have been selected for a position as a Police Officer Trainee, subject to the following conditions: You must pass the required psychological test(s), medical examination(s), the remainder of the background investigation, and accept the training reimbursement provisions as specified below.

**Reimbursement provisions:** You may be required to reimburse the City of Oakland for training expenses. Reimbursement would be required in the event you voluntarily terminate your employment with the Oakland Police Department, according to the following schedule:

Before the end of year 1 - 100% repayment of $8,000.
Before the end of year 2 -  80% repayment of $8,000.
Before the end of year 3 -  60% repayment of $8,000.
Before the end of year 4 -  40% repayment of $8,000.
Before the end of year 5 -  20% repayment of $8,000.

**Additionally:** Police Officer Trainees shall be required, on or before the first day of employment, to reside within a geographic emergency zone that allows quick response from home to work. Individuals selected for hire will be required to certify and verify by declaration, under the penalty of perjury and risk of removal from consideration for employment, their knowledge of and compliance with this City of Oakland policy. (A list of the cities within the established residency zone is enclosed for your information.) Your signature acknowledges your understanding of this policy and your intention to comply with its provisions.

# CONDITIONAL OFFER OF POSITION AS A POLICE OFFICER TRAINEE

**Candidate:** Gordon, Courtney

**Social Security Number:**        -7660

Please advise whether you accept this conditional offer:

☑    **Yes,** I accept this offer, and understand the conditions which attach to it.

☐    **No,** I am no longer interested in the position of Police Officer Trainee.

**Signature:** _____    **Date:** 11/5/05 _____

**Print Name:** Gordon    Courtney    E
            (Last Name)    (First Name)    (Middle Initial)

**Signature:** _____    **Date:** 8 Nov 05
            Deputy Chief of Police

Keep one copy of this form for your records. Indicate your response, then sign the form and return the signed original within 7 working days of receipt. Failure to return the form will be considered a rejection of this offer and will result in your removal from further consideration for the position of Police Officer Trainee. Return the original to:

Personnel Section Commander
455 - 7th Street, Room 514
Oakland, California 94607

If you have questions, please contact the Recruiting and Background Investigations Unit Supervisor at (510) 238-3339.

# EXHIBIT C

Courtney E. Gordon

Employee No. 16039      Pay Period End Date  30-JUN-2006    SSN    XXX-XX-7660      Advice Date 06-JUL-2006

| Earnings | Hours | Rate | Current | YTD | | Deductions | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| OTSX OPD Swn | 1.00 | 49.88 | 49.88 | 139.62 | | FIT | 533.94 | 5923.27 |
| Reg Sworn | 80.00 | 33.25 | 2660.16 | 3856.68 | | MEDICARE | 41.71 | 521.45 |
| Shift_Pay_3P | 80.00 | 2.08 | 166.32 | 315.92 | | (CA) SIT | 174.39 | 1850.32 |
| ML Meal Allo | 1.00 | 9.25 | 9.25 | 9.25 | | OPOA LT Disab | 0.00 | 45.00 |
| Imputed Life | 0.00 | 0.00 | 0.44 | 0.88 | | OPOA Widow Orph | 0.00 | 5.00 |
| | | | | | | Union Due OPOA | 0.00 | 435.04 |

| Totals | Hours | | Current | Year-to-Date |
|---|---|---|---|---|
| Gross Pay | | | 2886.05 | 35971.66 |
| Pre Tax Dedn | | | 0.00 | 1190.81 |
| Tax Dedn | | | 750.04 | 8295.04 |
| Other Dedn | | | 0.00 | 485.04 |
| Net Pay | | | 2135.57 | 25999.89 |

| Leave Balances | Hours |
|---|---|
| Comp Time | 4.50 |
| Comp Day | 0.00 |
| Vacation | 30.00 |
| Settlement Leave | 0.00 |
| Sick Leave | 0.00 |
| Floating Holiday | 0.00 |
| Management Leave | 0.00 |
| Special Recognition Leave | 0.00 |
| Special Supervisors Leave | 0.00 |
| Executive Vacation Leave | 0.00 |
| Extra Vacation Day | 0.00 |
| Deferred OPOA OT | 0.00 |

| Information Elements | Current | YTD | Information Elements | Current | YTD |
|---|---|---|---|---|---|
| Authorize LWOP | 0 | 0 | Holiday Vacation Accrual | 0 | 0 |
| Comp Time Holiday Earned | 0 | 0 | Maternity LWOP | 0 | 0 |
| CTC Comp Time Court Earne | 0 | 0 | Military LWOP | 0 | 0 |
| CTE Comp Time Earned | 0 | 0 | OCD Court Deferred OT | 0 | 0 |
| CTR CT Earned Straight | 0 | 0 | SLV Sick LWOP | 0 | 0 |
| DCAP Reimburse CY | 0 | 0 | STW Shift Trade Worked | 0 | 0 |
| DCAP Reimburse PY | 0 | 0 | SNP Suspension LWOP | 0 | 0 |
| Deferred OT OPOA Payout | 0 | 0 | UNP Unauthorized LWOP | 0 | 0 |
| Family Care LWOP | 0 | 0 | VTN Voluntary LWOP | 0 | 0 |
| Family Death LWOP | 0 | 0 | LV1 Workers Comp LWOP | 0 | 0 |
| FMLA LWOP | 0 | 0 | CCB CT Court NonSworn | 0 | 0 |
| HCT Comp Time Hol Straigh | 0 | 0 | | | |

| Accumulators | |
|---|---|
| Annual Hours Worked | 1143.50 |
| Fiscal Year Hours | 85.50 |
| Life To Date Hours | 1264.50 |

CITY OF OAKLAND
ONE FRANK H. OGAWA PLAZA
OAKLAND, CA 94612

**ADVICE DATE**      06-JUL-2006

**Deposit** *Two thousand one hundred thirty five and 57/100 Dollars*

**To the**

**Account of Courtney E. Gordon**

    Checking Account     XXXXXX2794    2135.57

       ******$2,135.57

# ***VOID***NON-NEGOTIABLE***VOID*

# ***THIS IS NOT A CHECK***

# EXHIBIT D

Courtney E. Gordon

Employee No. 16039                     Pay Period End Date 25-JAN-2008    SSN    XXX-XX-7660          Advice Date 31-JAN-2008

| Earnings | Hours | Rate | Current | YTD | | Deductions | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| Reg Sworn | 48.00 | 34.92 | 1676.20 | 4469.88 | | FIT | 253.06 | 2200.22 |
| IN2 Educ PER | 0.00 | 0.00 | 117.33 | 340.83 | | MEDICARE | 34.59 | 197.8 |
| Shift Pay 1s | 60.00 | 2.88 | 172.90 | 633.86 | | SIT | 66.71 | 700.9 |
| HDP Holiday | 12.00 | 34.92 | 419.05 | 1117.47 | | Blue Shield | 0.00 | 62.2 |
| | | | | | | Deferred Comp | 596.15 | 1788.4 |
| | | | | | | OPOA LT Disab | 0.00 | 7.5 |
| | | | | | | OPOA Life | 36.00 | 108.0 |
| | | | | | | OPOA Widow Orph | 5.00 | 10.0 |
| | | | | | | Parking OPOA | 10.00 | 20.0 |
| | | | | | | Union Due OPOA | 114.19 | 228.3 |

| Totals | Hours | Current | Year-to-Date |
|---|---|---|---|
| Gross Pay | | 2385.48 | 13688.50 |
| Pre Tax Dedn | | 596.15 | 1788.45 |
| Tax Dedn | | 354.36 | 3098.93 |
| Other Dedn | | 165.19 | 436.14 |
| Net Pay | | 1269.78 | 8364.98 |

| Information Elements | Current | YTD | Information Elements | Current | YTD |
|---|---|---|---|---|---|
| Authorize LWOP | 0 | 0 | Holiday Vacation Accrual | 0 | 0 |
| Comp Time Holiday Earned | 0 | 0 | Maternity LWOP | 0 | 0 |
| CTE Comp Time Court Earne | 0 | 0 | Military LWOP | 0 | 0 |
| CTE Comp Time Earned | 0 | 0 | OCD Court Deferred OT | 0 | 0 |
| CTR CT Earned Straight | 0 | 0 | SLV Sick LWOP | 0 | 0 |
| DCAP Reimburse CY | 0 | 0 | STW Shift Trade Worked | 0 | 0 |
| DCAP Reimburse PY | 0 | 0 | SNP Suspension LWOP | 0 | 0 |
| Deferred OT OPOA Payout | 0 | 0 | UNP Unauthorized LWOP | 0 | 0 |
| Family Care LWOP | 0 | 0 | VTN Voluntary LWOP | 0 | 0 |
| Family Death LWOP | 0 | 0 | LV1 Workers Comp LWOP | 0 | 0 |
| FMLA LWOP | 0 | 0 | CCB CT Court NonSworn | 0 | 0 |
| HCT Comp Time Hol Straigh | 0 | 0 | | | |

| Leave Balances | Hours |
|---|---|
| Comp Time | 26.75 |
| Comp Day | 0.00 |
| Vacation | 150.00 |
| Settlement Leave | 0.00 |
| Sick Leave | 0.00 |
| Floating Holiday | 0.00 |
| Management Leave | 0.00 |
| Special Recognition Leave | 0.00 |
| Special Supervisors Leave | 0.00 |
| Executive Vacation Leave | 0.00 |
| Extra Vacation Day | 0.00 |
| Deferred OPOA OT | 0.00 |

| Accumulators | |
|---|---|
| Annual Hours Worked | 159.00 |
| Fiscal Year Hours | 1181.75 |
| Life To Date Hours | 4799.25 |

CITY OF OAKLAND
ONE FRANK H. OGAWA PLAZA
OAKLAND, CA 94612

ADVICE DATE        31-JAN-2008

**Deposit** *One thousand two hundred sixty nine and 78/100 Dollars*

******$1,269.78

**To the**

**Account of Courtney E. Gordon**

   Checking Account       XXXXXX2794      1269.78

***VOID***NON-NEGOTIABLE***VOID*

***THIS IS NOT A CHECK***

# EXHIBIT E

# CITY OF OAKLAND



POLICE ADMINISTRATION BUILDING · 455 - 7TH STREET · OAKLAND, CALIFORNIA 94607-3985

Police Department

Telephone Device for the Deaf (510) 777-3333
Patrol Desk (510) 238-3455
Fax (510) 238-2251

January 25, 2008

Courtney Gordon

, CA 94501

Re:   City of Oakland
       Police Services Agency
       Payroll Adjustment

Dear Mr. Gordon:

A reconciliation of your final leave balances has revealed a balance due to the
City of Oakland Police Services Agency as follows:

| Leave Type | Hours | Amount Due |
|---|---|---|
| Vacation | <37.10> | $<1,295.57> |
| Training Costs | | $ 6,400.00 |
| Compensatory Time | <18.75> | $  <654.77> |
| Uniform Allowance (prorated) | | $    339.46 |

**Total Due the City of Oakland**          **$  4,789.12**

<u>Vacation</u>.   Pursuant to General Order D3, which states that vacation accrued in
the year of separation must be prorated, your prorated accrual entitlement based
upon your service period as a Police Officer was 197.10.  You were paid 160.00
leaving a balance of 37.10 hours.

<u>Training Costs</u>.  Pursuant to the Acceptance Agreement signed by you and the
schedule set forth in Appendix A of the Memorandum of Understanding, you are
required to reimburse the City for the training costs in the amount of $6,400 (80%
of $8,000).

Courtney Gordon                                                          Page 2

Compensatory Time.  Your balance at the time of separation was 26.75; however, pursuant to Article V, Section G of the Memorandum of Understanding, the annual "compday" award of 8 hours must revert back to the City leaving a balance of 18.75 hours.

Uniform Allowance.  Pursuant to Article VI, Section A.2 of the Memorandum of Understanding, the uniform allowance is to be prorated.

Please remit the balance due on or before February 29, 2008.  If you have any questions regarding this matter, please me at (510) 238-3288.

Sincerely,

Peter D. Fitzsimmons
Manager
Fiscal Services Division

cc:     Jeanne Jew, Accountant III

Courtney E. Gordon    (16039)
Leave Balance Reconciliation
Resignation: 01/22/08
Date: 01-15-08

PS169 Hire date: 11/28/05    ( 7 months )
PS168 PO Hire date: 06/02/06 ( 1 yr, 4 months).
Vacation days per year =    15
Rep Unit:    OPOA    PP1

## Vacation

| PPE | Earned | Used | Balance | Per Oracle | Diff | Notes |
|---|---|---|---|---|---|---|
| 16-Dec-05 | | | | | | |
| 15-Dec-06 | 70.00 | 40.00 | 30.00 | | | |
| 14-Dec-07 | 120.00 | 120.00 | 30.00 | | | |
| 11-Jan-08 | 120.00 | 150.00 | 150.00 | 150.00 | | |
| 25-Jan-08 | (112.90) | | 37.10 | | | Prorated Vacation |
| | | | | | | |
| | | | | | | |
| Total | 160.000 | | | | | |

Vac Balance per Oracle PPE 01-11-08    150.000
Adjustment - proration    (112.90)

Prorated Vacation -    Accrual 120 hours annually. Entitle to 22 days for calendar year 2008 = (120/12/31 X 22) = 7.10 hours
Adjustment to the leave balance = (120 - 7.10) = 112.9 hours

Prorated Uniform Allowance - $770 per fiscal year or $64.17 per month.  Entitlement = 6 month, 22 days. Or (64.17 X 6) + (64.17/31 X 22) = $385.00 + 45.54 = $430.54.
Refund to the City (770 - 430.54) = **$339.46**

**Other**
Training Costs -    Per MOU, Appendix A.   Employees resigning from the position with less than two year's service is responsible for reimbursing the City for training costs.
Amount owed = 80% of $8,000 or **$6,400.**

## Comptime

| PPE | Earned | Used | Balance | Per Oracle | Diff | Notes |
|---|---|---|---|---|---|---|
| 16-Dec-05 | | | - | | | |
| 15-Dec-06 | | | | | | |
| 14-Dec-07 | 316.75 | 190.00 | 126.75 | | | |
| 11-Jan-08 | | 100.00 | 26.75 | 26.75 | | |
| 25-Jan-08 | | | | | | Comptime Buyback |
| | | | | | | |
| | | | | | | |

Comptime Balance per Oracle PPE 01-11-08    26.750
Adjustment - proration    -

# EXHIBIT F

# CITY OF OAKLAND



LIONEL J. WILSON BUILDING • 150 FRANK H. OGAWA PLAZA, SUITE 5342 • OAKLAND, CA 94612-2093

Finance and Management Agency
Citywide Collections

(510) 238-7317
FAX (510) 238-6431
TDD (510) 238-3254

March 7, 2008

**COLLECTION NOTICE**

Courtney Gordon

, 94501

Re: Account # M179390

Dear: Ms. Gordon

After unsuccessful attempts by the City of Oakland Police Department to secure remittance for the above referenced account, the matter has been referred to Citywide Collections Department. A description of your account follows:     Ex-employee owes City for prorated uniform allowance and raining costs per MOU and General Order

Vacation-              < $1,295.57>
Training Costs          $6,400.00
Uniform Allowance      $339.46 (prorated)
Compensatory Time    < $654.77>
Collection fee-          $834.28

We urge you to forward remittance of $5,268.03 by March 21, 2008 via cashiers check or credit card promptly **to City of Oakland, Citywide Collections, 150 Frank Ogawa Plaza, Ste. 5342 Oakland, CA 94612,** please reference your account number on your payment. If you would prefer to come in and make payment arrangements, you will find the procedures for requesting a promissory note enclosed with this letter. **If you do not respond to this letter by March 21, 2008 the City will initiate legal action against you.**

If you have any questions regarding this matter, please call Ms. Thurston in the Citywide Collections Department at (510) 238-7035.

Sincerely,

S. Thurston
Collection Officer

## CREDIT CARD AUTHORIZATION

CREDIT CARD: Type _____Visa          _____MasterCard

Credit card number: _____          Expiration Date: _____

Amount:_____          Security Code (3 digit)_____

Name as it appears on card: _____

Address: _____

Authorized Signature: _____
I authorized the City of Oakland to charge the credit card listed above for the amount listed above, regarding the account listed
within this letter.

## PLEASE FAX LETTER AND AUTHORIZATION TO (510) 238-6431

## CITY OF OAKLAND
## CENTRAL COLLECTION SECTION

### PLEASE READ CAREFULLY BEFORE REQUESTING A PROMISSORY NOTE

### PROMISSORY NOTE PROCEDURES **EXCLUDING PARKING CITATIONS**

**DEBTORS <u>MUST</u> PROVIDE THE FOLLOWING ITEMS:**

➢ Down Payment – **down payment may be paid by cash, cashiers check, money order, debit card w/ VISA or MasterCard logo, VISA, MasterCard or Discover**

   **\*No personal checks are accepted for the down payment;**

➢ Authentic document from referring section

➢ Valid Driver's License or CA ID;

➢ Social Security Card and/or Tax ID # ;

➢ Current tax return and/or current employment information and most recent check stub: and three month bank statements


♦ **FEE - \$100.00 PROMISSORY NOTE ADMINISTRATION FEE IS ADDED TO TOTAL LIABILITY**

**IF PROMISSORY NOTE IS DEFAULTED, A COLLECTION FEE OF \$150.00 OR 10%, WHICHEVER IS GREATER, WILL BE ASSESSED ON THE <u>UNPAID</u> BALANCE AND COLLECTION ACTION WILL BE TAKEN IMMEDIATELY.**

**PROMISSORY NOTES ARE ISSUED AS A COURTESY AT THE DISCRETION OF THE CITY. FAILURE TO MAKE PAYMENTS AS AGREED MAY RESULT IN ACTION IN SMALL CLAIMS COURT, REPORTING TO A CREDIT BUREAU, AS WELL AS LEVYING YOUR ASSETS.**

Please bring the required documents to City of Oakland, Central Collections Sections, 150 Frank H. Ogawa Plaza, 5th Fl. If you have any questions, please call (510) 238-7035

Revised 3/26/04

# EXHIBIT G

FB-004  M426  073258679

| 05833 | 11-24 |
| Office AU # | 1210(8) |

Purchaser:        **COURTNEY E GORDON**
Purchaser Account:  **1002692794**
Operator I.D.:      **cu017847**

**cu017847**

PAY TO THE ORDER OF      ***CITY OF OAKLAND***

***Five thousand two hundred sixty-eight dollars and 03 cents***

**WELLS FARGO & COMPANY ISSUER**
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A.
FOR INQUIRIES CALL (480) 394-3122

**OFFICIAL CHECK**

SERIAL #:  0583302558
ACCOUNT#:

May 29, 2008

**$5,268.03**

VOID IF OVER US $   5,268.03

**NON-NEGOTIABLE**

NOTICE TO PURCHASER—IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A
FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

**Purchaser Copy**

---

PRINTED ON LINEMARK PAPER · HOLD TO LIGHT TO VIEW · FOR ADDITIONAL SECURITY FEATURES SEE BACK

| 05833 | 11-24 |
| Office AU # | 1210(8) |

Operator I.D.:  **cu017847**     **cu017847**

PAY TO THE ORDER OF      ***CITY OF OAKLAND***

***Five thousand two hundred sixty-eight dollars and 03 cents***

**WELLS FARGO & COMPANY ISSUER**
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A.
FOR INQUIRIES CALL (480) 394-3122

★ *Paid under protest reserving all legal remedy*

**OFFICIAL CHECK**

0583302558

May 29, 2008

**$5,268.03**

VOID IF OVER US $   5,268.03

*Richard King*

CONTROLLER
★★

⑆05833302558⑆  ⑈121000248⑈1881⑈  505345⑆

Security Features Included. Details on Back.

# EXHIBIT H

**City of Oakland**
**CASH RECEIPT**

**Cash Receipt Number**
**927985**

☐ **CASH**
☒ **CHECK** - CASHIERS
☐ **CREDIT CARD**

☐ ☐ **DIRECT DEPOSIT**
☐ ☐ **LOCK BOX**
☐ ☐ **WIRE TRANSFER**

**DIRECT CASH CREDITS**   Gordon, Courtney

| ITEM | PAYER / DESCRIPTION | CHECK # | FUND | ORG | ACCOUNT | PROJECT | PROG | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | M0001793*0 - C. FEE | | 1060 | 0844 | 43303 | C. FEE | | 476.91 |
| 2 | C - POLICE PERSONNEL | | 1010 | 0841 | 46778 | PN1 | | 4,789.12 |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| | | | | | | **SUBTOTAL** | | 5,268.03 |

**SUPPLEMENTAL INFORMATION  (REFERENCE DATE, NAME, LOCATION, ADDRESS, EVENT)**

BAC.  PAID IN FULL - July 29, 2008

**ACCOUNTS RECEIVABLE**

| ITEM | CUSTOMER NAME | CHECK # | CUSTOMER NUMBER | INVOICE NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| | | | | **SUBTOTAL** | |
| | | | | **TOTAL** | 5,268.03 |

RECEIVING DEPARTMENT
C. Mwirbe CourtClerks

RECEIVED BY AND DATE
J. Gillespie  05/29/08

Rev 1/08   Original to Customer or Department, Yellow to POS Cashier, Pink to Accounting